Browning & Co. v. Grady, Adm'r.

| 10  | 999 |
| 114 | 547 |

## BROWNING & CO. v. GRADY, Adm'r.

1. The agreement of a creditor to discharge one partner on his securing the payment of a portion of the debt, but reserving the right to proceed against another partner, does not operate to discharge the latter.
2. No general charge that the one or the other party is entitled to a verdict is proper where there is any conflict of proof.

Error to the Circuit Court of Chambers.

Assumpsit by Browning & Co. against John Grady. The declaration counts on two notes made in New York on the 27th of August, 1838, one for $1050 37, payable sixty days after date, at the Merchants' Bank at Cheraw, South Carolina, and the other for $1056 41, payable at the same place, ninety days after date. Also, upon money due for goods, &c. —account stated, &c. &c.

By agreement, the defendant was to have the benefit of special matters of defence as if pleaded. The suit was commenced on the 12th day of September, 1840, and the defendant having afterwards died, it was revived against Grady, as his administrator.

At the trial, the plaintiffs produced and read in evidence the two notes described in the declaration, which purport to be signed John Grady & Son, and proved that the same were given for goods sold by the plaintiffs in March, 1837, on a credit of twelve months, to John Grady and Dennis Grady, as partners, under the firm of John Grady & Son.

The defendant proved, that one Huske for the use of the plaintiffs, commenced a suit in December, 1838, in one of the courts in North Carolina, (in which State the firm did business, but from which the intestate removed in November, 1837,) against both the partners. but the process was served on Dennis Grady only, and a judgment was taken against him for the sum of the notes, at the March term, 1840—the

suit being discontinued against the defendant, John Grady. Sometime afterwards the judgment against Dennis Grady was compromised by the attornies of the plaintiff, for the sum of $1000, for which three notes were given by Dennis Grady secured by another individual, and the attorney's fees and costs of court were paid by him. The attorney's receipt is in these terms: "March 13, 1844, received of Dennis Grady $1000, in notes, payable with interest from date, with his brother, John Grady as security, in discharge of a judgment against him in favor of Browning & Co. of New York, or of Huske, assignee." The attorney stated in his deposition, that "he was authorized by Messrs. Browning & Co. to take such course as he should deem expedient to effect a settlement of this judgment. He was repeatedly instructed by his clients, that any settlement to be made with Grady, was not in any way or form, to release or discharge any claim by them against the estate of John Grady, or in any way affect the prosecution of the suit pending in Alabama, but that Dennis Grady was only to be released the payment of the said judgment. These instructions were communicated to the associate attorney making the settlement, who informed Dennis Grady that he was only authorized to make a settlement on these terms. The receipt was not intended to operate as a release, for there was no authority or power to make a release. The whole amount of the judgment was to be considered as paid, so far as Dennis Grady was concerned. The plaintiffs approved of the course pursued, when informed there was no discharge from any claims against the estate of John Grady, but the settlement was made according to their instructions before stated.

On this state of proof, after refusing to charge, that if the whole evidence was believed, the plaintiffs were entitled to recover, the court charged the jury, "that if they believed Dennis Grady, in North Carolina, and while in co-partnership, purchased goods of the plaintiffs, and gave the notes of the firm in payment—that Dennis Grady was sued on these notes and judgment obtained against him in North Carolina—that afterwards he gave his obligation for $1000, with a third person as surety, as well as his own note for the lawyer's fees, and the obligation was accepted by the plaintiffs attornies, in

full payment, discharge and satisfaction of the judgment—and that the act of the attorney was subsequently ratified by the plaintiffs, then the verdict should be for the defendant, although they might believe that the agreement and receipt was only intended by the attornies of the plaintiff to operate as a discharge of Dennis Grady alone, and was ratified by the plaintiffs under the impression that it discharged Dennis Grady only, and that it did not affect their remedies as to other partners.

The plaintiffs excepted to the charge as given, as well as the refusal to charge as requested, and both matters are assigned as error.

S. F. RICE and G. W. GUNN, for the plaintiffs in error, made the following points:

1. The giving of the promissory note by one partner, did not extinguish the debt, antecedently due from all, although expressly accepted by the creditor as a satisfaction. Nor will the taking of a bond with sureties be a satisfaction of the debt—especially if the creditor has retained the bond with sureties. [Waydell v. Leur, 5 Hill, 448; Cumber v. Wayne, 1 Strange, 425; Chastain v. Johnson, 2 Bailey, 574.] Nothing short of full payment by one of several joint debtors, or a release under seal, will discharge the other debtor. A covenant not to sue is not a release, except in a suit between the same debtor and creditor. [Walker v. McCulloch, 4 Greenl. 421; Rowley v. Stoddard, 7 John. 207; Ruggles v. Patton, 8 Mass. 480.] The receipt given to Dennis Grady cannot amount to more than a covenant not to enforce the judgment against him, and therefore is not effective as a release to the other debtor. [Harrison v. Close, 2 John. 448.]

2. But the agreement, if considered as a release, is not binding on the plaintiff, as it was made without authority and never ratified. An attorney, as such, has no authority to take notes in payment of a judgment. [Cook v. Bloodgood, 7 Ala. Rep. 683; Vail v. Jackson, 15 Verm. 314; Amison v. Wheeler, 3 Hill, 137; North River Bank v. Ayman, 3 Hill S. C. 262.]

3. If the plaintiffs, after the agreement was made, ratified

126

it without a full knowledge of what had been done, or under a mistake of the facts, or under the belief their instructions had been obeyed, it does not bind them. [Indianopolis Ins. Co. v. Brown, 6 Blackf. 378; 3 Greenl. 429.] The *mere acceptance* of the notes of a third person by the creditor, is but collateral security, and has no effect upon his legal rights. [1 Smith's L. Ca. 255; 4 Wash. C. C. 308.] Even where a claim against a third person is taken in satisfaction of a precedent debt, it is not an absolute payment or discharge. [19 Wend. 516.] Even where the note of a third person is taken for part of a debt it is no satisfaction unless there is an express agreement that it shall be so. [5 Hill, 200; 4 Paige, 305.]

No counsel appeared for the defendant in error.

GOLDTHWAITE J.—1. The evidence which the plaintiffs put to the jury in this cause, was probably intended to show their understanding and agreement with Dennis Grady, that the receipt and discharge executed to him by their attorney, was personal to him alone, and was not intended to operate as a discharge to his partner of the same debt. The charge of the circuit court assumes that this receipt, if ratified by the plaintiffs, has the legal effect to discharge the other partner, although the plaintiffs, when ratifying the act of their attorney, were under the impression it discharged Dennis Grady only, and that it did not affect their right against the other partner. We are somewhat at a loss to discover whether the court intended to be understood as asserting the proposition that the discharge of one partner by a creditor is under such circumstances a discharge of all the partners, or that a receipt in this form is incapable of explanation by parol evidence, so as to let in proof of the reservation of the right as to the debtor not named, against the absolute and unqualified terms of the instrument; but we infer the first was the point intended, as the other matter is not adverted to, and there is nothing in the evidence to show any authority to give more than a personal discharge, or even the ratification of any act which produced this result. If the discharge of one partner cannot be made without producing the

release of all, then the plaintiffs may be said to have ratified the act done, but in no other sense, as there is no pretence the particular form of the receipt was communicated to them. Indeed, it is very clear also, if the testimony of the agent is credited, that the precise agreement was, that the discharge was not to affect the plaintiffs in their pursuit of the other partner, and was to be considered as personal to him alone who made the arrangement. Considering it in this view, we think the charge cannot be sustained.

Ordinarily the discharge of one partner is a discharge of all, because it is impossible to know what are the engagements between the partners themselves, and the release of one prevents the others from holding him liable to any extent whatever, but if the partner himself agrees that the release to himself shall not affect the rights of the creditor as to others, it is virtually an agreement also, that the rights of his partners against him shall remain unchanged. If he stipulates that the creditor may proceed against other parties to the joint contract, he certainly will not be permitted to deny their demands on himself, which are in effect induced by his own consent. [18 Vesey, 20; Smith v. Winter, 4 M. & W. 454.] It is very possible the plaintiffs are entitled to prevail here, on the principle that nothing but a technical release, or payment, will discharge a principal debtor, as was held under very similar circumstances to those presented here in Rowley v. Stoddard, 7 John. 206, but we prefer to rest our decision on the ground previously stated, as there are decisions which hold the giving of additional security as equivalent to a release. [Booth v. Smith, 3 Wend. 62.]

2. It is unnecessary to examine the refusal to give the charges asked by the plaintiff, further than to state the principle, that no general charge is proper—that the one or the other party is entitled to a verdict when there is any conflict of proof.

Judgment reversed and cause remanded.