## ROBERTS *vs.* STRANG, ADRIANCE & CO.

[ACTION AGAINST PARTNER, ON NOTE EXECUTED BY PARTNERSHIP.]

1. *Release of partner, or covenant of creditor not to sue, not available as defense to co-partner.*—An agreement by a creditor to discharge one partner from liability on a partnership debt, (or a covenant not to sue him for twenty years,) on his giving personal security for the payment of a portion of the debt, does not release or discharge the other part-

ners ; nor can the latter, when sued by the creditor, claim either a discharge from the debt, or a reduction of it beyond the amount assumed by the surety, by showing that partnership assets beyond that amount, which they had previously delivered up to the discharged partner, to be appropriated to the payment of the partnership debts, were, by the agreement between that partner and the creditor, assigned to the surety for his indemnity, and were afterwards disposed of by him and the surety.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by the appellees, against Joel A. Roberts, as a partner in the firm of Lewis & Porteous ; was founded on two promissory notes, executed by said Lewis & Porteous, payable to the plaintiffs,—one for $1,441 97, dated November 15, 1859, payable eight months after date ; and the other for $1,324 33, dated February 1, 1860, and payable eight months after date ; and was commenced on the 22d October, 1860.

"On the trial," as the bill of exceptions states, "after the plaintiffs had introduced their evidence, the defendant proposed to prove the following facts : That the cause of action was an indebtedness of the mercantile firm of Lewis & Porteous, of which firm he was a partner; that said firm, some time before this suit, concluded to close up its business ; that he (defendant) left the store, and all the goods, effects, notes, and accounts, in the hands of George Porteous, one of the partners, for the purpose of paying off the debts ; and that said Porteous, instead of fairly appropriating the said goods and effects to the objects intended, and to the relief of all the partners, by the advice and aid of the creditors of the firm, (including the plaintiffs,) so acted as to obtain his own discharge, and to convert a large portion over and above to his own private use, in the following manner : After the defendant had left the store, the said creditors sent an agent to Mobile, fully authorized to settle or compromise with said Lewis & Porteous for their indebtedness aforesaid; and said agent, after taking account of stock, and remaining in the store for several days examining matters, entered into an agreement with said Por-

teous and one Caleb Price, (the latter not being a member of the firm of Lewis & Porteous,) to this effect : that Porteous should give his notes, endorsed by said Price, for forty cents on the dollar of said indebtedness ; whereupon the creditors released and relinquished to said Porteous all right to resort to any of said goods and effects, and that they should be mortgaged to said Price, to secure his endorsement, and Porteous was to be discharged from the whole indebtedness. At the instance, however, of Porteous and his counsel, it was concluded that, instead of a technical release, (which was agreed on and really intended,) a covenant was written, and signed by the creditors, not to sue said Porteous in twenty years. In accordance with this agreement, said Price endorsed the notes, and took a conveyance, or lien, on said effects, the proceeds of which were to pay said notes, and held as well by the promise of the creditors as from said Porteous ; and Porteous and Price have since disposed of their right and lien in all said effects. The amount of said goods and effects, so turned over by the creditors to Porteous and Price, was between seven and ten thousand dollars more than the forty per cent. assumed by said Price ; all of which was lost to the defendant.

"Thereupon, it was agreed between the parties, that such a state of facts should, for the purposes of this case, be considered as proved, and in evidence before the jury, so far as the same were competent and admissible by the rules of evidence ; that the court might instruct the jury as to the legal effect thereof, and that either party might except to such instructions. The court thereupon instructed the jury, that such a state of facts constituted no defense to the action, and no ground for a reduction of the plaintiffs' demand, except that the taking of the notes, endorsed by Price, for forty per cent. of the indebtedness of the firm, was a discharge of such indebtedness to that extent." The defendant excepted to this charge, and he now assigns it as error.

JNO. T. TAYLOR, for appellant.—1. Giving time to Por-

Roberts v. Strang, Adriance & Co.

teous, without the consent of Roberts, was injurious to the latter, and discharged him.

2. A fraudulent combination with one partner, by which he is discharged in consideration of the goods of the firm, operates a discharge of the other partners.

3. The plaintiffs' received from Porteous, and turned over to Price, a large amount of partnership assets, over and above the sum assumed by Price; and their demand should at least be reduced, as against the defendant, with the amount of that excess.

J. L. SMITH, *contra*, cited the following cases : *Dean v. Newhall*, 8 Durn. & E. 171 ; *Lane v. Owings*, 3 Bibb, 247 ; *Shed v. Pierce*, 17 Mass. 628 ; *Couch v. Mills*, 21 Wendell, 424 ; *Rowley v. Stoddard*, 7 Johns. 209 ; *Mc-Clellan v. Cumberland Bank*, 24 Maine, 566 ; *Catskill Bank v. Messenger*, 9 Cowen, 37 ; *Chenango Bank v. Osgood*, 4 Wendell, 607 ; *Durell v. Wendell*, 8 N. H. 369 ; *Lancaster v. Harrison*, 6 Bing. 731 ; *Jolley v. Forbes*, 2 Brod. & Brig. 46 ; *McAllister v. Sprague*, 34 Maine, 296.

STONE, J.—In the case of *Browning v. Grady*, (10 Ala. 999,) this court said : " The agreement of the creditor to discharge one partner, on his securing the payment of a portion of the debt, but reserving the right to proceed against another partner, does not operate to discharge the latter." Of similar import are the following cases : *Couch v. Mills*, 21 Wendell, 424 ; *Dean v. Newhall*, 8 Term Rep. 168 ; *Rowley v. Stoddard*, 7 Johns. 207 ; *Lane v. Owings*, 3 Bibb, 247 ; *Catskill Bank v. Messenger*, 9 Cowen, 37 ; *Bank of Chenango v. Osgood*, 4 Wendell, 607 ; *Durell v. Wendell*, 8 N. H. 369 ; *McClellan v. Cumberland Bank*, 24 Maine, 566.

We find nothing in this record which takes this case out of the operation of the rule thus stated. All that the creditor did, was to bind himself not to sue the appellant's co-partner, Porteous, in twenty years. The assignment of the merchandise to Price was only intended as a security

to him, against the liability he incurred for Porteous on forty per cent. of the debts due to Strang, Adriance & Co. The goods were not, except to that extent, placed beyond the reach of Roberts, the appellant; and every cent of the debt secured by Porteous, was, to that extent, a benefit to Roberts. If Porteous, or Porteous and Price conjointly, afterwards disposed of those goods without paying the partnership liabilities, we can not perceive how this result can be traced to any agency of Strang, Adriance & Co., or how they are to be held accountable for such disposition.

The judgment of the circuit court is affirmed.