# First National Bank of Anniston v. Cheney.

*Action of Assumpsit upon Promissory Notes.*

1. *Dissolution of partnership; rights of creditors.*—Upon the dissolution of a partnership by one of the members retiring therefrom, an agreement between the partners that those continuing the business shall discharge the debts of the firm, does not release the retiring member from liability as principal debtor to the creditors of the partnership.

2. *Same; when retiring partner released.*—In order for the retiring partner to be released from liability, the creditor must consent to the arrangement and agree to look solely to the other member or members of the firm for the payment of his debt.

[First National Bank of Anniston v. Cheney.]

3. *Same; same; case at bar.*—Where upon the dissolution of a partnership by the retirement of one of the partners, there was an agreement between the members thereof that those continuing the business should discharge the debts of the old firm, the facts that creditors of the said firm knew of the terms of the dissolution and assented thereto at the time the agreement was made, and that when the debt to them fell due they, without the knowledge or consent of the retired member, extended the time of payment for a valuable consideration, and accepted the notes of the new firm as evidence of the indebtedness, do not amount to a release of the retired partner, since they do not show an agreement to look solely to the members of the new partnership for payment of the debt; and in an action by such creditors against the retired partner to recover the amount due upon said debt of the old firm, pleas setting up such facts, separately or all together, present no defense to the maintenance of the suit.

4. *Same; same; release of partner by surrender of collaterals.*—If a partnership transfers to its creditor collateral securities for the payment of its debt, and one of the members subsequently retires under an agreement with the others to continue the business and discharge the debts, the surrender of such collateral securities to the new firm, without the knowledge or consent of the retiring member, amounts to a discharge of the latter to the extent of the value of such securities.

5. *Pleading and practice; demurrer to replication error without injury; appeal.*—Where a demurrer was sustained to a replication, which was in effect only a joinder of issue on a plea, and the facts set up in said replication in answer to the plea would be admissible in evidence on issue joined on the plea, it will be presumed on appeal, in the absence of a bill of exceptions, that on the trial on the merits the court did allow such facts to be introduced in evidence; and, therefore, if there was error in sustaining the demurrer thereto, it was error without injury.

6. *Same; facts peculiarly within the knowledge of other party need not be averred with particularity by the pleader; case at bar.*—In pleading, the pleader need not allege with particularity facts peculiarly within the knowledge of the other party; and in an action against a retired partner by a creditor of the old partnership, pleas which aver that at the creation of the debt collateral securities were transferred to the plaintiff of sufficient value for its payment, and "that plaintiff has converted to its own use a large part of said collateral, to the damage" of the defendant in a certain sum, which he asks to recoup against the debt sued upon, are not subject to demurrers upon the ground that they do not sufficiently show how or wherein plaintiff converted the collaterals, or what collateral plaintiff converted to its own use; such facts being peculiarly within the knowledge of the plaintiff.

7. *Release of retiring partner; money deposited with creditor.*—Where, upon the dissolution of a partnership by the retirement of one of its

members, the business is continued by the other members of the firm under an agreement on their part to discharge the debts of the old partnership, the fact that the creditor of the old firm has on deposit funds belonging to the new firm at the date of the maturity of his debt, and does not apply them to the satisfaction of said debt, constitutes no release of the retiring member.

8. *Same; same; sufficiency of plea.*—In an action by a creditor of a dissolved firm against a retired partner, a plea that when the debt became due, and afterwards, the continuing firm had money on deposit with plaintiff sufficient to pay the debt, and that plaintiff failed to appropriate it to the debt of the old firm, but allowed it to be drawn out by the new firm, constitutes no defense and is demurrable, because it does not show that such money was the proceeds of the assets of the old firm, or that the old firm or defendant had any interest in it.

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

This was a suit commenced by attachment by the appellant, the First National Bank, against A. D. Cheney. The complaint counted upon several promissory notes, which were executed to the plaintiff by Hill, Bell & Cheney, a partnership of which the defendant, A. D. Cheney, was at the time of their execution, a member.

The defendant filed thirteen pleas, which were as follows: "1. That the allegations of the complaint are untrue." "2. That he has paid the debt, for the recovery of which this suit was brought, before the action was commenced." "3. That the notes sued on in this action were made by Hill, Bell & Cheney, a partnership composed of W. L. Hill, John T. Bell and this defendant; that on or about May 25th, 1891, said partnership was dissolved by the withdrawal therefrom of this defendant, and the business was continued by said W. L. Hill and Jno. T. Bell in the name of Hill & Bell, who assumed the payment of all the indebtedness of said Hill, Bell & Cheney; that plaintiff was notified of the fact of said dissolution at the date thereof, and that Hill & Bell had assumed the payment of said notes due from Hill, Bell & Cheney; that when notes here sued on had become due, plaintiff, without the knowledge or consent of this defendant, agreed with said Hill & Bell to extend, and did extend, the time of payment thereof, for a valuable consideration, and accepted the notes of said Hill & Bell due on or about October 15th, 1892, as

evidence of said indebtedness, and this defendant says that by said acts of plaintiff he has been discharged from liability on said notes." In each of the following pleas there was averred the same facts as to the former existence of the partnership of Hill, Bell & Cheney, its dissolution, and the withdrawal therefrom of the defendant. The quotations from the remaining pleas, as noted by their numbers, respectively, are the averments seeking to set up the defense relied upon as stated in each of the pleas, with the exception of the 10th and 11th pleas, and these are set out in full. 4. "That at the date of said dissolution as above stated, plaintiff held, as collateral security for the debt here sued on, solvent notes of sundry parties—secured by mortgages—amounting in the aggregate to more than $5,500 in value, and that afterwards, to-wit, on or about October 1st, 1891, plaintiff, without the knowledge or consent of this defendant, surrendered and delivered said collateral security to said Hill & Bell, and thereby discharged this defendant from further liability." 5. "That plaintiff was notified of the fact of said dissolution at the date thereof, and that Hill & Bell had assumed the payment of the notes here sued on, and plaintiff assented thereto, and when said notes became due, plaintiff, without the knowledge or consent of this defendant, agreed with said Hill & Bell to extend the time of payment of said debt, and accepted the notes of said Hill & Bell for said debt due on or about October 15, 1892; and defendant says that by said acts of plaintiff he has been discharged from liability on said notes." 6. "As a part of the consideration of the dissolution of said firm, and the withdrawal of said defendant, and the selling of his interest in the assets of Hill, Bell & Cheney, said firm of Hill & Bell assumed the payment of and agreed to pay the plaintiff the debt for which this suit is brought, which assumption and agreement was known to plaintiff at the time when the same was made. That when said notes here sued on had become due, plaintiff, without the knowledge or consent of this defendant, agreed with said Hill & Bell to extend, and did extend, the time of the payment thereof, for a valuable consideration, and accepted the notes of said Hill & Bell due on or about October 15th, 1892, as evidence of said indebtedness; and this defendant says that by said acts of

plaintiff he has been discharged from liability on the notes, the foundation of this suit." 7. Same as the sixth plea.

8. "As a part of the consideration of the dissolution of said firm and the withdrawal of said defendant, said firm of Hill & Bell assumed the payment of and agreed to pay the debt of plaintiff, for which this action is brought, which assumption and agreement was known to the plaintiff at the time it was made, and it assented thereto, and agreed to look alone to the new firm of Hill & Bell for the payment of the notes here sued on, and thereby released this defendant from further liability on said debt to plaintiff."

9. "That when the notes here sued on had become due, plaintiff, without the knowledge or consent of this defendant, agreed with said Hill & Bell to extend, and did extend, the time of payment thereof for a valuable consideration, and accepted the notes of said Hill & Bell due on or about October 15th, 1892, as evidence of said indebtedness; that at the time when the notes here sued on became due, and for a long time thereafter, both said Hill & Bell were solvent, but are now and have been since the commencement of this suit insolvent, and by reason of these acts of plaintiff defendant says he has been discharged from liability on said notes."

10. "Defendant for further answer to said complaint says that at the time of the making of the notes here sued on, the makers thereof placed with plaintiff as collateral security for said notes, solvent notes on sundry parties secured by mortgages, amounting in the aggregate to more than $5,500 in value, a full list of which is hereto attached marked "A", and that plaintiff has converted to its own use a large part of said collateral, to the damage of this defendant in the sum of $2,500, which sum he asks to recoup against the debt of plaintiff in this action."

11. "Defendant for further answer to said complaint says that at the time of the making of the notes here sued on, the makers thereof placed with the plaintiff as collateral security for said notes, solvent notes on sundry parties amounting in the aggregate to more than $5,500 in value, a full list of which is hereto attached marked "A", and that plaintiff has converted said collateral notes to its own use, to the damage of defendant in the sum of

[First National Bank of Anniston v. Cheney.]

$3,000 which sum he asks to recoup against the debt of plaintiff in this action."

12. "That when the notes here sued on had become due, plaintiff without the knowledge or consent of this defendant, agreed with said Hill & Bell to extend the time of payment and did extend the time of payment thereof for a valuable consideration, and accepted the notes of said Hill & Bell due on or about October, 1892, as evidence of said indebtedness, and when said last named notes became due plaintiff again, without the knowledge or consent of this defendant, agreed with said Hill & Bell for a further extention and did extend the time of payment of the notes here sued on, for a valuable consideration, and accepted the notes of said Hill & Bell due about November 1st, 1893, as evidence of said indebtedness; and defendant says that by each of said extensions of plaintiff he has been discharged from liability on said notes."

13. "That when the notes here sued on became due, and for a long time thereafter, the said Hill & Bell had a sum of money on general deposit with plaintiff, which was then engaged in a banking business, sufficient to pay each of said notes as they severally became due; that it did not appropriate said sums of money or any of it to the payment of said notes, but permitted said Hill & Bell to check the same out for other purposes, and that since said time said Hill & Bell, W. I. Hill and John T. Bell, have become insolvent; and defendant says that by reason of said acts of plaintiff he has been discharged from all liability on said notes."

To the 3d, 4th, 5th, 6th, 7th, 8th, 9th and 12th pleas the plaintiff demurred upon the following grounds: 1. The facts as set out in said pleas do not show that defendant was discharged by acts of plaintiff from his liability on said notes. 2. It is not shown that the taking of Hill & Bell's notes, as stated in said pleas, was in payment or satisfaction of the notes of Hill, Bell & Cheney. 3. It is not sufficiently shown in said plea that plaintiff agreed that Hill & Bell might assume the debt of Hill, Bell & Cheney, and that said Cheney would be released therefrom. 4. The surrendering of said collaterals to said Hill & Bell did not thereby discharge defendant from his liability to plaintiff. 5. If it is true, as stated in said pleas, that plaintiff agreed with said

Hill & Bell to extend the time of payment of said debt, and accepted the notes of said Hill & Bell for said debt due on about the 15th of October, 1892, this would not discharge defendant from his liability on said notes of said Hill, Bell & Cheney. 6. It does not sufficiently appear from said plea that plaintiff agreed to, or did, discharge or release said Cheney from his liability to plaintiff on said notes of Hill, Bell & Cheney.

To the 10th and 11th the plaintiff demurred upon the following grounds: "1st. It is not sufficiently stated or shown how or wherein plaintiff converted said collateral to its own use. 2d. It is not sufficiently shown what collateral or collaterals plaintiff converted to its own use. 3d. There is no negligence, malfeasance, or misfeasance of plaintiff averred in said pleas in the collection of said collateral."

To the 13th plea the plaintiff demurred, the principal grounds of which demurrer are copied in the opinion.

Each of the demurrers to the several pleas were over-ruled, and to each of these several rulings the plaintiff separately excepted.

There were replications and rejoinders filed, but under the opinion on the present appeal, it is unnecessary to set out any of these except the replication filed to the 4th plea, which was as follows: "That it is true that at the date of the dissolution of Hill, Bell & Cheney, plaintiff held sundry notes, mortgages and accounts belonging to Hill, Bell & Cheney as collateral security for the debt due plaintiff by Hill, Bell & Cheney, which notes, mortgages and accounts amounted to something over five thousand ($5,000) dollars, and it is also true that plaintiff surrendered possession and delivered said collateral to Hill & Bell, but it delivered the same to Hill & Bell as the agents of the plaintiff, to collect said collateral for the use and benefit of plaintiff, and the proceeds when collected to be applied upon the notes of Hill, Bell & Cheney, and what was collected was applied as a credit upon the notes of Hill, Bell & Cheney." To this replication the defendant demurred upon the following grounds: "1st. For that said replication neither traverses nor confesses and avoids the allegations of said plea. 2d. For that said replication merely confesses the material allegations of said plea, without stating any facts in avoidance thereof. 3d. For that the allegations

[First National Bank of Anniston v. Cheney.]

of said replication are no answer to said plea." This demurrer was sustained, and the plaintiff duly excepted.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court rendered judgment in favor of the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court upon the pleadings, to which exceptions were reserved.

J. J. WILLETT, for appellant.—When one partner retires from a firm and turns over the assets to the remaining members, and the creditors of the firm are informed of this dissolution and its terms, the retiring member is not thereby discharged from liability as principal debtor, and the creditor is not bound thereafter to treat him merely as surety. To discharge the retiring member there must be an agreement on the part of the creditor to discharge him from the liability of the old firm. Even if the continuing partners give a new security for the old debt, this will not, of itself, operate to discharge the retiring partner. The relation of creditor and principal debtor can not be changed without the consent and agreement on the part of the creditor. This is what is known as the English rule, as distinguished from what is called the American doctrine in reference to the point involved.—*Roberts v. Strang*, 38 Ala. 566 ; *Hall & Long v. Jones*, 56 Ala. 493 ; *Rawson v. Taylor*, 27 Amer. Rep. 464 ; *Falkner v. Hill*, 104 Mass. 188 ; *Wildes v. Fessenden*, 4 Metc. (Mass.) 12 ; *Morton v. Richards*, 13 Gray (Mass.) 15 ; *Titus v. Todd*, 25 N. J. Eq. 458 ; *Parker v. Canfield*, 9 Amer. Rep. 317 ; *Eagle Manfg. Co. v. Jennings*, 44 Amer. Rep. 668 ; *Collier v. Leech*, 29 Pa. St. 404 ; *Harris v. Lindsay*, 4 Wash. C. C. Rep. 271 ; *In re Parker & Morris*, 11 Fed. Rep. 397 ; *Yeager v. Focke*, 25 S. W. Rep. 662 ; *Hayward v. Burke*, 37 N. E. Rep. 846 ; *Barnes v. Boyers*, 12 S. E. Rep. 708 ; *Wadhams v. Page*, 25 Pac. Rep. 462 ; *Lutterloh v. McIlhenny*, 11 S. W. Rep. 1063 ; *White v. Boone*, 12 S. W. Rep. 51 ; *Wild v. Dean*, 3 Allen, (Mass.) 579 ; 1 Lindley on Partnership, (2d Amer. ed.), 583, 584, 585, 586 ; 2 Collyer on Partnership, (6th ed.), 912, 913, 914, 915 ; Parsons on Partnership, (3d ed.), 457, *et seq.* ; Story on Partnership, § 158, *et seq.* ; 1 Bates on Partnership, §§ 532, 533, 534 and cases cited ; 17 Amer. & Eng. Encyc. of Law, 1131.

2. An application of the foregoing principles of law makes it evident that the city court of Anniston erred in overruling plaintiff's demurrers to the third, fourth, fifth, sixth, seventh, ninth, twelfth and thirteenth pleas. The thirteenth plea is especially defective, not only in assuming that the relation of principal and surety existed between the bank and Cheney, but in not stating that the notes of Hill, Bell & Cheney were due at the time plaintiff permitted Hill & Bell to check out the money of Hill & Bell; and also in not averring that this money checked out was the proceeds of the assets of Hill, Bell & Cheney, or that the said firm of Hill, Bell & Cheney had an interest therein.—*Yeager v. Focke*, 25 S. W. Rep. 662.

3. It is evident that if error is shown in the overruling of plaintiff's demurrers to any of defendant's pleas, or in the sustaining of defendant's demurrers to plaintiff's replication, a reversal must ensue, for it was held in *Eads v. Murphy*, 52 Ala. 520, "that whenever a demurrer is improperly sustained to one or more special pleas, the presumption of injury arises and will compel a reversal unless the court can clearly see from the record that the party interposing such special pleas not only could have had, but did have, under some other plea the benefit of the defense set up by his special pleas."

CASSADY, BLACKWELL & KEITH, *contra.*—1. The doctrine of suretyship of the retiring partner to the remaining partners, for the debts of the old firm, is a new question in Alabama, but in many of the states the question has been passed upon, and the following seems to be the American doctrine : "That the relation of principal and surety as between the parties, composing the partnership on dissolution and assumption of the payment of the firm debts by the remaining partners, is created, and if the creditor *knows of this changed relation* and the fact of the assumption of payment of the firm's debts by the remaining partners, the creditor must respect these new relations, when he deals with the remaining partners in reference to his debt against the old firm." An extention of the time of the payment of the debt of the old firm by the creditor to the remaining partners works a discharge of the retiring partner, if the same is done *without the knowledge and consent of*

*such retiring partner.*—17 Amer. & Eng. Encyc. of Law, 1131, 1132; *Millerd v. Thorn*, 56 N. Y. 402; 24 Amer. & Eng. Encyc. of Law, 721 and note 1; *Arnold v. Camp*, 12 Johns. (N. Y.) 409; *Dodd & Ross v. Dreyfus*, 57 How. Prac. (N. Y.) 319; *Waydell v. Luer*, 3 Den. (N. Y.) 410; *Smith v. Shelden*, 35 Mich. 42; s. c. 24 Amer. Rep. 529; *Colgrove v. Tallman*, 67 N. Y. 95; s. c. 23 Amer. Rep. 90; *Leithauser v. Baumeister*, 28 Am. St. Rep. 336; *Louderback v. Lilly*, 75 Ga. 855; *Union Mut. Life Ins. Co. v. Hanford*, 143 U. S. Rep. 187; *Palmer v. Purdy*, 83 N. Y. 144; *Williams v. Boyd*, 75 Ind. 286; *Harris v. Lindsay*, 4 Wash. (U. S.) 98; *Register v. Dodge*, 19 Blatchf. (U. S.) 79; *Ætna Ins. Co. v. Wires & Peck*, 28 Vt. 93; *Hall v. Johnson*, (Tex.) 38 Cent. Law J. 295; *Gourley v. Tyler*, (Texas) 15 So. W. Rep. 731; Brandt on Sur. § 36 and note; Randolph on Com. Paper, § 960; Lindley on Part., § 240, note 45, §§ 248, 249, note 50; Jones on Pledges, § 518. The fact of assent to the changed relation may be shown by subsequent dealings of creditor with remaining partner.—*Mudge v. Treat*, 57 Ala. 1; *Hall v. Jones*, 56 Ala. 493.

2. There is no question better settled than that a creditor having collaterals placed with him to secure a debt, must use diligence in collecting same, and if by any act of his in reference thereto injury results to the pledgor, the pledgee is answerable for such injury. If a creditor in a case like this should give up collaterals held by him, and take those of the new firm, or give long credit for additional interest, *without the consent of the retiring partner*, then the retiring partner would be discharged, at least to the value of the collaterals. The creditor is not justified in turning over the collaterals to the remaining partners of the new firm. Partners after the dissolution cannot act as agents for each other without new authority, except in winding up the business of the old firm. They cannot incur any new liability. The pleas allege that these collaterals were in the hands of the bank at the time of the dissolution, and were therefore out of the control of the old firm or the new firm of Hill & Bell. When the bank turned them over to Hill & Bell it made them *its agents*, and therefore is responsible to appellee for any injury resulting from such transaction. Hill & Bell so far as the appellee is concerned were the principal debtors, and the delivery to

them without the knowledge and consent of appellee discharged him, at least to the extent of the value of such collaterals, and he is entitled to recoup this value against plaintiff's claim in this case.—17 Amer. & Eng. Encyc. of Law, 1129; Jones on Pledges, §§ 515, 575, 596; *St. John v. O'Connell*, 7 Port. 466; *Cocke v. Chaney*, 14 Ala. 65.

3. The last and remaining question raised by the 13th plea, seems to us to be a good defense. If a bank owning and holding a note upon which there is a surety, receives and has on deposit at the maturity thereof money of the principal, which it fails to apply to the payment of said note, and allows said principal to check the same out, and he subsequently becomes insolvent, such conduct discharges the surety from further liability thereon.—*Pursifull v. Pineville Banking Co.'s Assignee*, 40 Cent. Law Journal, 420.

HARALSON, J.—It may be admitted as a correct legal proposition that, where a partner retires from a firm under an agreement between him and the continuing partners, that they will assume and pay all liabilities of the old and dissolved firm, he acquires as between himself and the other partners, irrespective of the rights of creditors, the rights of a surety.—1 Bates on Partnership, § 532; 17 Am. & Eng. Encyc. of Law, 1129.

But such an agreement between the partners themselves, to which the creditor of the firm is not a party, has no effect on him. The firm and each member thereof are bound to him, jointly and severally, which no arrangement between themselves, touching a dissolution, can affect or absolve, without his consent.

The law on this subject cannot, perhaps, be more correctly and accurately stated, than was done by Mr. Justice WASHINGTON, of the United States Supreme Court, sitting as circuit judge, in the case of *Harris v. Lindsay*, 4 Wash. Cr. Ct. Rep. 273, namely: "We unhesitatingly admit that partners, in respect to debts contracted by them during their association, cannot, by any agreement between themselves, at the period of their separation, change their condition of principal debtors, or in any way affect the rights of their creditors. If the agreement be, that one of them shall retain the partnership effects, and pay the debts, they continue

nevertheless bound as principals, so that no indulgence granted by a creditor to the paying partner, which falls short of an agreement, expressed or implied, to take him as the debtor, and to discharge the other partner, can place them in the situation of principal and surety, so as to discharge the retiring partner. To support a de- fense of this kind, such an agreement must be satisfac- torily made out." To the same effect, see Parsons on Part., §§ 324, 325, 328; Story on Part., § 158. The same author adds: "We further agree that a note, or bill of exchange, given for a pre-existing simple con- tract debt, does not extinguish it; and that, *per se*, it affords no ground for presuming an agreement between the parties that it was given and received in satisfaction of the debt."—*Hall v. Tanner*, 91 Ala. 363; *Lane v. Jones*, 79 Ala. 156.

On the proposition as to whether a retired partner has the rights of a surety against a creditor who knows of the fact that the continuing partner has assumed the debts, and is, therefore, discharged by a binding exten- sion of time on the debt, given without his assent, the English and American authorities are divided. They may be found collated in 1 Bates on Part., § 334, and 17 Amer. & Eng. Encyc. of Law, pp. 1129, 1131; 2 Lind- ley on Part., p. 438.

Our own court, in the case of *Hall v. Jones*, 56 Ala. 493, reviewed the decisions on the subject, and an- nounced its conclusion as follows: "It is not necessary, nor do we feel inclined, to adopt some of the extreme views advanced above. Still we hold, that to discharge a retiring partner from liability once incurred, the facts and circumstances must satisfy the jury that the plain- tiff agreed to release the old firm and look to the new firm. * * * We agree with Barron Garrow, that whenever there is any evidence, from which such an agreement could be inferred, then the question of agree- ment *vel non*, should be submitted to the jury, in a charge appropriate to the testimony in the cause."

In *Browning v. Grady*, 10 Ala. 999, it was held that "the agreement of a crediter to discharge one partner, on his securing a portion of the debt, but reserving the right to proceed against another partner, does not operate to discharge the latter." Again in *Roberts v. Strang*, 38 Ala. 566, it was held, that an agreement by a

creditor to discharge one partner from liability on a partnership debt, (or a covenant not to sue him in twenty years), on his giving personal security for the payment of a portion of the debt, did not release or discharge the other partners. Referring to the decision in 10 Ala., just cited the court said: "We find nothing in this record which takes the case out of the rule thus stated. All that the creditor did, was to bind himself not to sue the appellant's copartner, Porteous, in twenty years."

The principle underlying these and other cases and text books on the subject is, that a creditor is not to be held to discharge a retiring partner, by any agreement the partners may make between themselves for the payment of the debts of the dissolved firm, unless he has consented thereto, and agreed to look alone to the other members of the firm for the payment of his debts.—Authorities *supra*.

From what has been said, it is apparent that the pleas of the defendant from No. 3 to 12, inclusive, except the 4, 8, 10 and 11, do not set up such a state of facts as show that the defendant was discharged by the plaintiff. Neither the fact as averred in said pleas, that plaintiff knew of the terms of dissolution between defendant and his copartners, at the time the agreement was made, and that he assented thereto, nor that plaintiff, after the note sued on fell due, without the knowledge or consent of defendant extended the time of payment for a valuable consideration, and accepted the notes of Hill & Bell as evidence of the indebtedness,—separately or all together, as said pleas allege them,—can be construed as the legal equivalent of an averment that plaintiff agreed to release and did release the defendant as retiring partner, and to look alone for pay to the continuing partnership. The pleas fell short of such an averment, without which they are not good and were subject to the demurrers interposed. The 8th plea is without fault in this respect, and the demurrer to it was properly overruled.

The 4th plea sets up the defense of the surrender by plaintiff to Hill & Bell, on the 1st of October, 1891, without the consent of the defendant, of solvent notes and sundry securities secured by mortgages of the value of $5,500, and thereby discharged defendant. Without holding that the defendant occupied, as towards the

plaintiff, on the dissolution of said firm, the position of a surety, it may be said that if the plaintiff held, by transfer to it from Hill, Bell & Cheney, the old firm, collateral securities of the amount and value stated in the plea, for the payment of its debt, and without the knowledge or consent of the defendant, it surrendered up and delivered said collateral securities to said Hill & Bell, the continuing firm, this would amount to a discharge of the defendant, for the reason that such surrender would be an appropriation by plaintiff of assets of the old firm sufficient to pay the debt of the defendant on which he is here sued. The demurrer to the pleas does no more than question the legal sufficiency of the surrender, as averred, of the collaterals to discharge defendant from liability, and was properly overruled.

The first replication of the 4th plea was no more in substance than a rejoinder of issue on that plea, and the facts set up therein, in disproof of the plea, were admissible in evidence on such issue. We will not presume, in the absence of a bill of exceptions, that on the trial on the merits, the court did not allow them to be introduced. If so, the ruling sustaining the demurrer, was at most error without injury.

The demurrers to the 10 and 11th pleas were properly overruled. The plaintiff knew better than the defendant what part of the collaterals, if any, it had converted, and for such part, to the extent of the damage it had done to the defendant thereby, it was liable to him therefor, which he might set off or recoup against the plaintiff's demand. This much the 10th plea claims as a right in the defendant, and no more. The 11th plea avers the conversion by plaintiff of the whole amount of the collaterals deposited, to the damage of defendant in the sum of $3,000. Neither plea was subject to any objection interposed to it.

The 15th plea set up, that "when the notes here sued on became due, and for a long time thereafter, the said Hill & Bell had a sum of money on general deposit with plaintiff," &c., which it permitted to be drawn out by Hill & Bell. The grounds of demurrer to this plea, which appellant insists on are: (1.) That the plea "does not state that the said notes of Hill, Bell & Cheney were due at the time plaintiff permitted Hill & Bell to check out the money of Hill & Bell." There is nothing

in this ground of demurrer since it simply denies what the plea expressly avers.  (2.)  "It does not appear from said plea, that the said money deposited with plaintiff, and checked out by Hill & Bell was the proceeds of the assets of Hill, Bell & Cheney, or that the said firm of .Hill, Bell & Cheney or said A. D. Cheney, had any interest or claim therein."

There is nothing in the plea to show, that the plaintiff agreed to release the defendant, Cheney, from his obligations as principal, and to accept him as a surety merely to the new firm of Hill & Bell, to pay the debts of the old firm of Hill, Bell & Cheney, for which defendant was bound as principal.  As between Hill & Bell and the defendant, the latter was, under the facts averred, the surety of the former for plaintiff's debt.  But the debts of Hill, Bell & Cheney and of Hill & Bell to the plaintiff, if upon different consideration, were independent obligations ; and the money alleged to have come to the plaintiff's hands, after the maturity of said note, so far as appears, belonged to Hill & Bell, which they were under no obligations to defendant to apply to the debts of their old firm, in preference to their obligations thereafter contracted to the plaintiff.—*Yeager v. Focke*, 6 Texas Civ. App. 543 ; 1 Parsons on Part., (4th ed), p. 442, note 1.  If the new firm had collected funds belonging to the old, and deposited them with plaintiff, and plaintiff knew that fact, it would have been under obligation to apply the funds so deposited to the payment of its claim against the old firm, but that is not the condition set up in said plea.—*White v. L. A. of America*, 63 Ala. 420.  Nothing is stated to imply a legal obligation to apply the money referred to, to the old firm's debts. The demurrer to the plea should have been sustained.

The plaintiff filed replications to the pleas which we have held to be bad and subject to demurrer.  The defendant demurred to plaintiff's replications to these pleas on various grounds, which were overruled.  The defendant filed rejoinders to plaintiff's said replications, but as we have held the pleas to be bad, we need not pass upon the demurrers to the replications and rejoinders.

From what has been said there should be no difficulty in presenting the real issue between the parties by appropriate pleading, without confusion or prolixity.

[Adler *et al.* v. Van Kirk Land & Consruction Co.]]

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.