# Woods *et al. v.* Moten *et al.*

## *Statutory Action of Ejectment.*

1. *Charge to the jury; not erroneous when assuming as true undisputed facts.*—On the trial of a case, where it is shown that certain facts are clearly proved, and there is no conflict in the evidence in reference to them, a charge to the jury which assumes as true such facts, without hypothesis, is not objectionable because of such assumption.

2. *Same; legitimate children.*—In an action of ejectment, where the plaintiffs claim title as children of former slaves, and the evidence shows without conflict that the parents of the plaintiffs lived together as husband and wife up to the time of their mother's death, and the plaintiffs' evidence tended to show that they so lived together after the passage of the ordinance legitimatizing the issue of cohabitation between slaves, while the evidence for the defendant was to the effect that the mother of the plaintiffs died before the passage of such ordinance, a charge is free from error and properly given at the request of the plaintiffs, which instructs the jury that if they believe that the mother of the plaintiffs "died not earlier than the 30th day of September, 1865, [said ordinance being adopted September 29th, 1865], they must find for the plaintiffs."

3. *Same; charge as to the effect of marriage record as evidence.* On the trial of a case, where upon one of the issues presented a marriage license, bond and certificate are introduced in evidence, a charge is free from error which instructs the jury that "the marriage record is only a circumstance to be considered by the jury and is not conclusive proof of the facts recited therein."

APPEAL from the Circuit Court of Greene.

Tried before the Hon. JOHN C. ANDERSON.

This was a statutory action of ejectment, brought by the appellees against the appellants to recover certain lands specifically described in the complaint. The facts of the case relating to the claim of the plaintiffs to the property are sufficiently shown in the opinion.

It was shown by the evidence that one Fred Sumter was the youngest child born to Jacob and Phoebe

[Woods, *et al.* v. Moten, *et al.*]

Sumter, and the evidence for the plaintiff tended to show that Phoebe Sumter, the mother of said Fred, died about a month after his birth.

There was testimony introduced by the plaintiffs which showed that Fred Sumter, in the year 1881 was married, and that said Fred Sumter was not 21 years of age at the time of said marriage. The marriage license, bond and certificate issued to said Fred Sumter and Jane Jones, whom he married on January 12, 1881, were introduced in evidence by the defendants for the purpose of contradicting the plaintiffs' witnesses as to the age of said Fred Sumter, and of showing the true date of his marriage. This record evidence disclosed the fact that the marriage was solemnized on January 12, 1881. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence the court, at the request of the plaintiffs, gave to the jury the following written charges, to the giving of each of which the defendants separately excepted: (2.) "If the jury believe that Phoebe, the last wife of Jacob Sumter, died not earlier than the 30th day of September, 1865, they must find for the plaintiffs." (3.) "The marriage record is only a circumstance to be considered by the jury, and is not conclusive proof of the facts recited."

There were verdict and judgment for the plaintiffs. Defendants appeal, and assign as error the giving of the charges requested by the defendant.

DEGRAFFENRIED & EVINS and JOHN McKINLEY, for appellants.—The ordinance of 1865 rendered slave marriages valid only under certain prescribed conditions. Ordinance No. 39, Code 1867, p. 64; *Washington v. Washington*, 69 Ala. 281. The mere cohabitation of a freedman with a freedwoman, prior to the 30th day of November, 1867, did not constitute them husband and wife.—Acts of 1868, p. 175; *Washington v. Washington*, 69 Ala. 281; *Cantelou v. Hood*, 56 Ala. 519; *Williams v. The State*, 44 Ala. 24. The credibility of the testimony was for the jury, and the jury should have been allowed to say what the cohabitation of Jacob with Phoebe constituted.—*Clements v. Mayfield Woolen Mills*, 124 Ala. 100.

The marriage record is presumptive evidence of the fact of the marriage and the time and place of its solemnization.—Code, § 2847.

The marriage record is a record required by law to be kept by the judge of probate, and unless impeached for fraud imports absolute verity.—Code, § 2847; *Hensley v. Rose*, 76 Ala. 373. The credibility of the marriage record as evidence, and the weight to be given it, should have been left to the jury.—*Skeggs v. Horton*, 82 Ala. 352; *Smith v. Collins*, 94 Ala. 394; *Paul v. State*, 100 Ala. 136; *L. & N. R. R. Co. v. Watson*, 90 Ala. 68; *Clements v. Mayfield Woolen Mills*, 100 Ala. 100; 19 Am. & Eng. Ency. of Law (1st ed.), 43.

J. T. COLLINS, *contra.*—The court had the right to assume that Jacob and Phoebe were married and lived together as man and wife until the latter's death, because the record affirmatively shows these facts were clearly proved and not disputed.—*Carter v. Chambers*, 79 Ala. 223; *Marks v. Robinson*, 82 Ala. 69; *Drennen v. Smith*, 115 Ala. 3 96; 11 Ency. Pleading and Practice, 116.

HARALSON, J.—Statutory action in the nature of ejectment, for the recovery of land, which at one time belonged to a negro named Jacob Sumter, now deceased.

It is not disputed that the plaintiffs are the children and grand children of said Jacob and his alleged wife, Phoebe, with right to recover, if they were the legitimate descendants of said parties. Appellants' counsel correctly stated in their brief, "The real and only question of fact in the case was, whether or not the plaintiffs were the legitimate children and grandchildren of said Jacob Sumter, or whether they were bastards." Jacob and Phoebe were slaves before and during the war. and belonged to a man by the name of May. The plaintiffs were the offspring of these two, born before, during or after the war between the States. Before emancipation, slaves were incapable of forming the legal relation of husband and wife. But by the encouragement of their owners, the relation of husband and

wife was entered into between them, and while in law, these were not binding and legal marriages, there was moral force and obligation in them.—*Washington v. Washington*, 69 Ala. 281.

After emancipation, in order to ratify marriages between freedmen and freedwomen, and to legitimate the issue of such marriages or cohabitations, the convention of the people on the 29th September, 1865, passed an ordinance declaring among other things, that "in all cases of freedmen and freedwomen, who are now living together recognizing each other as man and wife, be it ordained that the same are hereby declared to be man and wife, and bound by legal obligations of such relationship."

"The issue of such marriage or cohabitation are hereby legitimatized, and shall be held to the same relations and obligations from and to their parents, as if born in lawful wedlock."—Ordinance 39, Code 1867, p. 64.

The evidence for the plaintiffs tended to show, that Jacob and Phoebe "lived together as husband and wife prior to the war between the States, and continued to live together after the surrender," and that Phoebe died in 1866—the year after the surrender.

The evidence on defendants' part was to the effect, that Phoebe died before the surrender.

There was no conflict in the evidence, however, as to the fact that Jacob and Phoebe lived together as husband and wife up to the time of her death, whenever that event may have occurred. If she did not die earlier that the 30th of September, 1865, as the evidence of plaintiffs tends to show, she and her husband came under the operation of said ordinance of that date, which made them man and wife, and their children legitimates, as if born in lawful wedlock.

There was no error, therefore, in charge 2, given for plaintiffs, in so far as it assumed that Jacob and Phoebe lived together as man and wife; for, as stated, that was clearly proved, and is an undisputed fact in the case. *Carter v. Chambers*, 79 Ala. 223; *Marks v. Robinson*, 82 Ala. 70; *Drennen v. Smith*, 115 Ala. 397. Nor was said charge erroneous in postulating plaintiffs' right to recover, upon the death of Phoebe not earlier than

30th Sept., 1865. Whether she died earlier, or on or after that date was properly hypothesized in the charge. As to Phoebe's death, the charge in substance and effect is, that if she died on or after the date mentioned, plaintiffs were entitled to recover, which was a correct statement of the law.

The defendant introduced in evidence the license for the marriage of Fred Sumter and Jane Jones, of date January 12, 1881, and the bond required in such cases. The object of this evidence was to fix, as these papers tend to do, the date of Fred's birth, who was the youngest child of Jacob and Phoebe, and this, with the view, in connection with the other evidence, to show that Phoebe died before the end of the civil war. Charge 3 given for the plaintiffs placed this marriage record in the class of evidence to which the statute assigns it—presumptive and not conclusive proof of what is required to be recorded.—Code, §§ 2846-7; 14 Amer. & Eng. Ency. Law (1st ed.), 524.

We find no error in the proceedings of the circuit court and its judgment is affirmed.

Affirmed.