ORR v. READ PHOSPHATE CO.
(7 Div. 541.)

(Supreme Court of Alabama.    March 24, 1927.)

1. Release ⬤⟶28(2)—Statute held to qualify common-law rule as to effect of creditor's release of one of several joint debtors (Code 1923, § 7669).

Code 1923, § 7669 (Code 1852, § 2282), construing releases according to intention of parties, qualifies common-law rule as to effect of creditor's release of one of several joint debtors.

2. Release ⬤⟶28(1)—Release of partner from partnership debt held not to discharge debt (Code 1923, § 7669).

Under Code 1923, § 7669 (Code 1852, § 2282), creditor's release of one of partners from partnership debt held not to discharge debt, in view of evidence that release was limited to creditor's claim against such partner individually.

3. Appeal and error ⬤⟶1064(2) — Stating amount due on notes shown by undisputed evidence, held not prejudicial error.

In action on notes in which undisputed evidence showed certain balance due, judge's so stating to jury was not prejudicial error, in view of fact that he did not instruct jury to find for such amount.

4. Trial ⬤⟶194(7) — On undisputed evidence showing balance due on notes, instruction, with hypothesis, to find for plaintiff was proper.

In action on notes on undisputed evidence showing balance due, instruction, with hypothesis, to find for plaintiff was proper.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action by the Read Phosphate Company against T. J. Orr. From a judgment for plaintiff, defendant appeals. Affirmed.

Plaintiff sues T. J. Orr on three promissory notes, executed on May 20, 1921, by Green & Orr, a partnership composed of Wyatt Green and the defendant, T. J. Orr.

On March 16, 1922, plaintiff gave to Wyatt Green the following written release:

"For a consideration of $4,000 in cash paid by you to Mr. S. N. Gore, acting secretary for 11

creditors of the firm of Green & Orr, Lineville, Ala., ourselves included, to be divided on percentage basis, we hereby release you from any further indebtedness or claim we might have against the firm of Green & Orr."

Plaintiff's percentage of the payment amounted to $290.17, which was credited as a payment on one of the notes sued on.

Other credits on the notes—collections on collateral turned over to plaintiff by Green & Orr—amounted to $875.43, making total credits of $1,824.15. No other credits were claimed by defendant.

Defendant introduced in evidence the answers of plaintiff to defendant's interrogatories, including the statement that:

"The release agreement was made at a meeting held in Birmingham, Ala. Mr. A. L. Holmes represented us, and agreed to accept a check for $290.17 in full settlement of our claim against Wyatt J. Green, individually."

In his oral charge, to the jury, the trial judge stated:

"It is shown by the evidence that this is a balance due on these three notes to May 30, 1924, $1,824.15 is the amount due on the three notes sued on."

At plaintiff's request the jury were instructed, in writing, to "find a verdict for the plaintiff."

Walter S. Smith, of Lineville, for appellant.

It was error to give the affirmative charge at plaintiff's request. Eggleston v. Wilson, 208 Ala. 167, 94 So. 108. A release of one partner discharges his copartners also. Gray's Ex'rs v. Brown, 22 Ala. 262; Elliott v. Holbrook, 33 Ala. 659; Carroll v. Corbitt, 57 Ala. 579; Johnson v. Collins, 20 Ala. 435. The affirmative charge requested by defendant should have been given. Authorities, supra.

E. P. Gay, of St. Petersburg, Fla., for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. The decisive question presented by the record is whether or not plaintiff's release of Wyatt Green from his individual liability to pay the notes in suit operated as a release also of his copartner, this defendant.

[1] The common-law rule as to the effect of a creditor's release of one of several joint debtors has been qualified in this state by statute:

"All receipts, releases, and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto." Code 1923, § 7669; Code 1852, § 2282; Carroll v. Corbitt, 51 Ala. 579; Long v. Gwin, 202 Ala. 358, 80 So. 440.

From the authorities it seems that, even under the statute, without a reservation, express or implied, of recourse against another or others—without a showing that the release is of the individual debtor merely, and not of the debt—will operate as a release of the debt, and hence of all the joint debtors. Gray's Ex'rs v. Brown, 22 Ala. 262; Roberts v. Strang, 38 Ala. 566, 569, 82 Am. Dec. 729; Browning & Co. v. Grady, 10 Ala. 999; Home Tel. Co. v. Fields, 150 Ala. 306, 43 So. 711; Long v. Gwin, 202. Ala. 358, 360, 80 So. 440; Wright v. McCord, 205 Ala. 122, 127, 88 So. 150. See, also, Hale v. Spaulding, 145 Mass. 482, 14 N. E. 534, 1 Am. St. Rep. 475; Yates v. Donaldson, 5 Md. 389, 61 Am. Dec. 283.

[2] We think the intention of the creditor, fairly deducible from the written release here exhibited, was to release merely the personal obligation of Green to pay the partnership debt, and not to discharge the debt itself, recourse upon the debt being impliedly reserved.

Moreover, the statutory answers of plaintiff, elicited and introduced by defendant, show that the settlement and release were limited to plaintiff's claim against Green individually.

[3] On the undisputed evidence, there was a balance due on the notes of $1,824.15, and it was, at least, not prejudicial error for the trial judge to state that fact to the jury. Woods v. Moten, 129 Ala. 228, 30 So. 324. He did not instruct the jury to find for that amount.

[4] The evidence showing without dispute that a large balance was due, the instruction, with hypothesis, to find a verdict for plaintiff, was properly given. It follows, of course, that the several instructions, contra, requested by defendant, were properly refused.

The question to defendant, Orr, excluded by the trial court and made the basis of the sixth assignment of error, is of obscure application to the issues being tried; but upon its face it appears to call for an opinion or conclusion merely, and we could not pronounce its exclusion erroneous. Moreover, it is not sufficiently argued to escape the imputation of waiver.

There being no error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.