In registering my dissenting views, I acknowledge that the holding of the majority is in accord with case law generally to the effect that one who accepts payments from one tort-feasor and executes a release which, in express terms, releases "any and all other persons" is held to have discharged both the payer party as well as all other tort-feasors not party to the release agreement.[1]
The development of our cases is clear that the "any and all other persons" language discharges the obligation, including the nonparty obligors. This arose out of the common law concept that the right of action is one and indivisible, and that satisfaction extinguishes the demand, Steenhuis v. Holland,217 Ala. 105, 115 So. 2 (1927); and this had its inception in the earlier common law notion that a creditor's release of any one of several joint debtors extinguishes the debt. See Orr v. ReedPhosphate Co., 215 Ala. 562, 112 So. 145 (1927). The rule of judgments which permits but a single satisfaction likewise became the rule that "satisfaction" by one without suit inures to the benefit of all, or, rather, cuts off the right of action by extinguishment.
The legislature sought, as early as 1852, to modify this common law concept, by adopting the predecessor to Code 1975, §12-21-109. Clearly, two major changes are effected by §12-21-109: 1) It dispenses with the necessity of a formal release under seal (Jordan v. McDonnell, 151 Ala. 279,44 So. 101 (1907)); and 2) it modifies the conclusive effect of a creditor's release of one of several joint debtors (Orr,supra). Surely, one other substantive change is intended: That of subjecting a settlement or release agreement to the law of contracts (". . . must be given legal effect according to the intention of the parties thereto.") The law of torts and the law of judgments influenced the evolvement of the common law rule. The obvious purpose of this statute is to have a contract of release governed by the law of contracts.
Simply stated, our case law, while giving lip service to the statutory "intention of the parties" language, has relentlessly clung to vestiges of the common law rule. To be sure,Steenhuis, approving a pro tanto agreement, demonstrates the Court's willingness to apply this statute in favor of restricting the effect of a release contract where it speaks in terms of discharging "all claims" but limits its operation to the *Page 17 
named party paying the consideration for the agreement. Likewise, though reaching a contrary result, Johnston v.Bridges, 288 Ala. 156, 258 So.2d 866 (1972), applied the same "intention of the parties" principle to enforce a release contract where the parties seeking to invoke its protection, though nonparties, were named or otherwise unmistakably described in the agreement.
It is not with the holdings of these cases that I disagree. The holdings of Steenhuis and Johnston, within the factual context of each case, represent classical applications of contracts law to disputed interpretations of written agreements. My quarrel lies with those cases that interpret "boilerplate" language — "any and all other persons" — as extending the discharge effect of the release to unnamed and undisclosed non-parties — persons, as here, who have paid no part of the consideration, know nothing of the release transaction, and who stand in no position of privity or other legal nexus with either of the signatories party to the agreement.
Such holdings (or language to this effect) defy the law of contracts. They continue to infuse into the interpretation of written agreements those very "joint tort-feasor" principles which were intended by the statute to be replaced by "the intention of the parties thereto" principle of contracts law.
Perhaps one simple scenario will make my point: Suppose, instead of the release agreement's including third parties within its discharge provision, it obligated those same third parties to pay additional compensation in order to effectuate its terms. In other words, suppose the instant agreement contained a provision fixing the Appellees' obligation to the Appellant at an additional $100,000. It would be nothing short of ludicrous to even imagine that this Appellant could enforce a provision which imposes an obligation upon a nonparty to the release agreement. The same contract principle that relegates this hypothetical to the ridiculous applies with equal force to void the release provision which confers a benefit upon a nonparty.
This is not to say, of course, that parties to a contract, under given circumstances, may not obligate or benefit third parties. Indeed, the law of contracts accommodates itself to just such eventualities by prescribing the requisite elements of "parties in privity" (the capacity of a signatory party to act on behalf of nonparties) and third party beneficiaries (those nonparties whom the principals, through their mutual performance of the agreement, intend to benefit upon certain stated or implied conditions). Neither of these contract principles is applicable here; nor do the Appellees so contend.
Likewise, the law of contracts provides for the credit of any sums paid by the named released party against any liability that may be imposed against nonparties to the release agreement. In other words, if this Plaintiff should recover a $100,000 award from the Defendants for her injuries, the $15,500 consideration paid by her employer's liability insurance carrier would be credited against their obligation. This accommodation satisfies the "but one recovery" concept, and, thus, adequately protects nonparties to the release agreement. Moreover, the limitations of the parol evidence rule are less restrictive where third parties are seeking to invoke the benefits of a contract. See W.H.E. Jaeger, Williston OnContracts, § 647 (3rd Ed. 1961).
ADAMS, J., concurs.
[1] This statement of the law is an ofttimes repeated proposition in our cases. See, for example, Thompson v. N.C. St. L.Railway, 160 Ala. 590, 49 So. 340 (1909); and Wright v. McCord,205 Ala. 122, 88 So. 150 (1920). My limited research, however, fails to disclose a single Alabama case which directly holds that a joint tort-feasor — a nonparty who is neither named nor described in the release contract — is discharged from his tort obligation as a matter of law. As to a suit on account, however, see Gray's Executors v. Brown, 22 Ala. 262 (1853).