# Boyles *v.* Knight.

## *Action of Trover.*

1. *Trover; mortgage lien; estoppel.*—In an action of trover to recover damages for the alleged conversion of cotton it was shown that one M. had given to the plaintiff a mortgage on

19

[Boyles v. Knight.]

her land and the crop to be raised thereon, and that the cotton
in question was a part of the crop raised on said land. Prior
to the execution of this mortgage, M., for the purpose of evi-
dencing an antecedent debt which she owed one B., executed
to said B. a note, which, on its face, was a rent note for the
land owned by M. *Held*: That in such suit the plaintiff,
not being a party to the transaction between M. and B., is not
estopped to show the real facts which disclosed that B. had
no lien upon the cotton involved in the suit.

2. *Same; waiver of tort* —In an action of trover, where it is shown
that the defendant and one B. were joint tort feasors in the
conversion complained of, by reason of B., having sold to the
defendant the cotton converted, the fact that the plaintiff
subsequently received from B. a part of the damages he had
sustained by the conversion, does not constitute a waiver of
the tort as to defendant and a ratification of the sale by B.
to him.

APPEAL from the Circuit Court of Clarke.

Tried before the Hon. JOHN C. ANDERSON.

This was an action of trover, brought by the appel-
lant, N. B. Boyles against the appellee, William
Knight, to recover damages for the alleged conversion
of a certain amount of cotton. The suit was instituted
on November 6, 1897. On the trial of the case, it was
shown that the cotton involved in the controversy was
raised on the farm cultivated by Mrs. Caroline McKin-
ley and her husband, E. F. McKinley; that on Feby. 24,
1897, Mrs. Caroline McKinley and her husband, gave
to plaintiff, N. B. Boyles a mortgage on the lands re-
ferred to and on the entire crop to be raised by them
during the current year. This mortgage was intro-
duced in evidence.

The evidence for the plaintiff tended to show that
prior to November 1st, 1897, the cotton alleged to have
been converted had been delivered by E. F. McKinley
to one Smith as the agent of W. J. Buckalew, and by
Smith was sold to the defendant, William Knight. It
was also shown by the evidence for the plaintiff that on
December 13, 1894, one J. W. Squares and his wife con-
veyed the lands upon which the said cotton was raised
to Mrs. Caroline McKinley by deed, and that Mrs. Mc-
Kinley owned the lands at the time of the execution of
the mortgage to the plaintiff. It was further shown by

the evidence that E. F. McKinley and his wife on January 25, 1897, executed a note to W. J. Buckalew by which they promised to pay one bale of cotton or thirty dollars for the rent of the lands upon which the cotton involved in this controversy was raised; that Buckalew told E. F. McKinley and his wife that they owed him some money and that he took the rent note to make himself secure in said money. It was further shown by the evidence that Buckalew turned over to Smith the note for collection; and to pay said note, E. F. McKinley turned over to said Smith the cotton alleged to have been converted, and that Smith sold said cotton to the defendant, William Knight, and paid a part of the proceeds of said sale to Buckalew. Subsequently, Buckalew paid to the plaintiff the money so received by him from Smith.

Mrs. McKinley testified that she signed the note to Buckalew without reading it over, but was told that it was for the purpose of paying an indebtedness which she and her husband owed said Buckalew.

Upon the introduction of all the evidence, the court at the request of the defendant, gave the general affirmative charge in his behalf, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. Plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendant.

THOS. W. DAVIS,. for appellant, cited *Lehman v Howze,* 73 Ala. 302; *Cain v. Gimon,* 36 Ala. 168; *Farris v. Houston,* 74 Ala. 162; *Otis v. McMillan,* 70 Ala. 46; *Davis r. Snider,* 70 Ala. 315.

LACKLAND & WILSON, *contra.*—The agreement of McKinley to pay rent to Buckalew and his entry into possession under Buckalew by virtue of the rent contract, created the relation of landlord and tenant, and invested the parties with all the incidents growing out of that relation.—*Powell v. Hadden,* 21 Ala. 745; *Smith v. Pritchett,* 98 Ala. 649.

The plaintiff waived the tort complained of.—*Singer Co. v. Greenleaf,* 100 Ala. 272; *Jones v. Atkinson,* 68 Ala. 167.

[Hundley v. Harrison *et al.*]

McCLELLAN, C. J.—Boyles not being a party to the transaction by which Mrs. McKinley and her husband, to evidence an antecedent debt which she owed Buckalew, executed to the latter a note which on its face is a rent note for land which belonged to Mrs. McKinley, is not estopped to show the real facts. Upon those facts Buckalew had no lien on the crops grown on the land for the payment of said note.—*Lehman Bros. v. Howze & Creagh,* 73 Ala. 302, and cases there cited.

Buckalew and Knight were joint tortfeasors in the conversion of the cotton upon which plaintiff had a mortgage. He might have sued both. Having sued Knight, he did not waive the tort as to him and ratify the sale made by Buckalew to him by subsequently receiving from Buckalew a part of the damages he had sustained by the conversion.

The court therefore erred in giving the affirmative charge for the defendant.

Reversed and remanded.