# Thompson *v.* N. C. & St. L. Railway.

## *Damages for Injury to Passenger.*

(Decided April 8, 1909.    (49 South. 340.)

1. *Appeal and Error; General Assignment; Review.*—Errors assigned to the sustaining of demurrer to counts 2, 5 and 6 of the complaint, are general, embodying in one assignment, errors claimed as to several rulings, and if any of the rulings were proper, the assignment is not sustained.

2. *Carrier; Passenger; How the Relation Constituted.*—An invitation extended to one to ride upon a train by an employe not connected in any way with the running of the train is not sufficient to create the relation of passenger as to the person so invited.

3. *Release; Effect of Releasing; One Tort Feasor.*—A full release and satisfaction made to one tort feasor is as a general rule a release of both tort feasors.

4. *Same; Question of Fact.*—Where a release of one tort feasor is made, and operates according to the intention of the parties under sections 3973 and 3974, Code 1907, whether or not what the releasor has received will be in full satisfaction of his injuries or wrongs becomes a question of fact for the jury and if it appears that the amount so received was not in full satisfaction, it becomes only pro tanto a bar to an action against the other tort feasor.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action for damages by Willie Thompson against the Nashville, Chattanooga & St. Louis Railway, for injuries received in a collision. Judgment for defendant and plaintiff appeals. Reversed and remanded.

CULLI & MARTIN, for appellant. The relation of passenger and carrier existed.—*Homes v. Bir. South. Ry. Co.,* 140 Ala. 208; *Miller v. Mo. Pac. Ry. Co.,* 10 L. R. A. 26; 95 N. Y. 562; 44 Cal. 71; 6 S. C. 130; *Broslin v. K. C. M. & B. R. R. Co.,* 114 Ala. 398. The question of the effect to be given the release was one of fact and should have been submitted to the jury.—*Holmes v. Bir. South Ry. Co. supra; Moulton v. L. & N.,* 128 Ala. 579;

*Western Ry. Co. v. Arnett,* 137 Ala. 414; *Stegall v. Wright,* 143 Ala. 204; *Home Tel. Co. v. Fields,* 43 South. 711; *Cowan v. Schnapp,* 74 Ala. 50; *Smith v. Gayle,* 58 Ala. 600.

WALKER & SPRAGINS, for appellee. The fact that the plaintiff signed the paper in ignorance of its contents, is no defense.—*Ala. Ry. Co. v. Jones,* 55 Am. St. Rep. 509; *Bank of Guntersville v. Webb,* 108 Ala. 133; *Beck, etc., Co. v. Houppert,* 104 Ala. 506. It is only where there is fraud in the execution of the instrument.— *Western Ry. v. Arnett,* 137 Ala. 425. The mere act of setting up by a plea a stranger's act of satisfaction is of itself a ratification of the act.—1 Cyc. 317; *Webster v. Wyser,* 1 Stew. 184; 67 Am. Dec. 334; 42 Ind. 7; 23 L. R. A. 120; 44 N. W. 248. The plaintiff could not plead the facts set up in his replication without returning the money.—*Harrison v. Ala. Mid. R. R. Co.,* 144 Ala. 246; *Stephenson v. Allison,* 123 Ala. 439; *Dill v. Camp,* 22 Ala. 249; *Burnett v. Stanton,* 2 Ala. 181. Two separate judgments cannot be joined and by a single appeal introduced into the record for review.—*De Silver v. Henry,* 4 S. & P. 409; *Kelly v. Dugan,* 111 Ala. 156.

SIMPSON, J.—This is an action by the appellant against the appellee for damages on account of injuries claimed to have been received by the plaintiff as the result of a collision of the car on which plaintiff was with another car. The second count of the complaint alleges, in substance, that plaintiff was in the employ of the Eagle Iron Company, engaged in loading wood on one of the cars of the defendant, which cars were being propelled by a locomotive under the charge of John Lane, an agent or employe of defendant; that plaintiff was on said car by the invitation or request of said John Lane,

to be transported to Lane's switch, and that his said car was run violently against other cars "by the negligence or carelessness of defendant, its agents or employes in the management or control of said car." The fifth count alleges substantially the same facts, except that it avers that plaintiff was carried under some arrangement between said Eagle Iron Company and defendant to the point where the car was loaded, and was then requested or invited on said car or train to be carried back to Lane's switch; that, while being so transported, the collision occurred; and that said injuries "were caused by the defendant, its agents or employes, wantonly, willfully, or intentionally propelling said car," etc., "knowing that plaintiff was on said track, and would likely be injured." The sixth count alleges that while plaintiff was on said car "at the request or invitation of defendant, its agents or employes, in violation of its duty to plaintiff, the defendant, its agent or employes, propelled said car wantonly, willfully, or intentionally," etc.

The first assignment of errors is to the action of the court in "sustaining defendant's demurrer to plaintiff's counts 2, 5, and 6 of complaint." This assignment being general, embodying in one assignment errors claimed as to several rulings, if either of the grounds of demurrer to either of the counts is sustainable, the ruling of the court will be upheld.—*Western Railway of Ala. v. Arnett*, 137 Ala. 414, 425, 34 South. 997. The sixth count does not allege facts which show the relation of passenger sustained by the plaintiff. It does not state that the plaintiff was a passenger, nor that the car on which he was being carried was a passenger car; nor does it state that the employe of the defendant who invited or requested him to go on the car was acting within the scope of his employment. An invitation from an em-

ploye not connected in any way, with the running of
the train would not be sufficient to create the relation
of passenger.—2 Hutchinson on Carriers, § 998, p. 1149,
1150, and note; *Broslin v. K. C. M. & B. R. R. Co.,* 114
Ala. 398, 21 South. 475; *Holmes, Pro. Ami, v. B. S. R.
R. Co.,* 140 Ala. 208, 37 South. 338 Consequently the
sixth count was subject to the eighth cause of demur-
rer, and the demurrer was properly sustained.

The third plea filed by the defendant sets up the writ-
ten release, therein copied, as a bar to the further prose-
cution of this suit. It will be noticed that said release
was made after the commencement of this suit; that it
is not made with this defendant; that it makes no allu-
sion to this case; that it acknowledges the payment of
$10 "in full payment for such pain I suffered and loss
of time caused by same," and releases only the Eagle
Iron Company "from all damages and responsibility of
the same." It is true, as a general proposition, that a
full release and satisfaction made to one tort-feasor is
a release to both, and some courts have gone so far as to
hold that, even though the person released was not, in
fact, a tort-feasor, yet, if he was supposed to be so, the
release will operate as if he really was a joint tort-fea-
sor. But a distinction has been drawn between a techni-
cal release under seal and a release under our statute,
which operates according to the intention of the parties.
—Code 1896, §§ 1805, 1806; Code 1907, §§ 3973, 3974.
In such case "it becomes a question of fact for the court
or jury whether or not what the releasor has received
was received in full satisfaction of his wrong; and, if it
appears that it was not so received, it is only pro tanto
a bar to an action against the other wrongdoers."—24
Am. & Eng. Ency. Law (2d Ed.) 305; *Home Tel. Co. v.
Fields,* 150 Ala. 306, 43 South. 711, 713; *Smith et al. v.
Gayle,* 58 Ala. 600, 606; *Stegall v. Wright,* 143 Ala. 204,

38 South. 844. Under this principle we cannot say, as a matter of law, that the release in evidence was intended as a release of all damages for the entire tort, so as to operate a release to the defendant in this case. Consequently the court erred in giving on request of the defendant the general charge as to plea No. 3.

It is unnecessary to consider rulings on pleading.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.