# Louisville & Nashville R. R. Co. *v.* Burke.

## *Injury to Licensee.*

(Decided November 10, 1914.   66 South. 885.)

1. *Railroads; Use of Yards by Another; Consent; Duty to Employee.*—Where a portion of the yard of one railroad had been openly used by the other for many years with the acquiescence of the employee, and those in charge of the yard for the purpose of interchange of traffic between the two connecting railroads, such use amounted to consent by the yard owner of such use, and imposed a duty of watchfulness and care for the safety of the property and employees of the other road greater than that owed a mere trespasser.

2. *Same; Custom; Evidence.*—Where the action was by an engineer of one railroad against a connecting railroad for injury resulting from a collision, evidence as to the duty of the operators of trains to have the rear end of the train lighted, and of the custom of well regulated railroads to do this, was admissible.

3. *Same; Negligence; Evidence.*—The evidence examined and held to sustain a finding that the engineer of defendant railroad saw the head'ight on the engine on which plaintiff was, and willfully ran into such engine, the action being by the engineer of one railroad against another railroad for injury for negligent collision.

4. *Release; Personal Injury; Damages.*—Where the action was by an engineer of one railroad against another railroad company for injuries in a collision caused by the train of the other railroad, evidence as to a release executed by him to the railroad company employing him was not admissible.

5. *Damages; Mitigation.*—Where the action was by the engineer of one road against another road for personal injuries suffered in a collision, evidence as to the amount paid the engineer by his own company on account of the injury is admissible under the general rule that partial satisfaction by another may be shown by the one sued in mitigation of damages.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by J. A. Burke, an engineer in the employ of the Birmingham Southern Railway Company, against the Louisville & Nashville Railroad Company for injuries received in a collision caused by backing an L. & N. Railroad train into plaintiff's engine.   Judgment for

plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, J. A. SIMPSON, and T. A. MCFARLANND, for appellant. The appellee was a trespasser at the time of his injuries on appellant's track No. 4, and the fact that he had used that track on other occasions did not give him the right to do so.— *A. G. S. R. R. Co. v. Godfrey,* 156 Ala. 203; *L. & N. R. R. Co. v. Sides,* 129 Ala. 399; *M. & C. R. R. Co. v. Womack,* 84 Ala. 150; *M. & C. R. Co. v. Lyons,* 62 Ala. 74. If the appellee was guilty of negligence which proximately contributed to his injuries, he cannot recover, unless the evidence shows that appellant was guilty of an act of willful misconduct or negligence so wanton as to be the equivalent of an intentional wrong.—*L. & N. R. R. Co. v. Richards, Admr.,* 100 Ala. 366; *M. & C. R. R. Co. v. Blakely,* 59 Ala. 471; *M. & C. R. R. Co. v. Copeland,* 61 Ala. 376; *Wilson v. L. & N. R. R. Co.,* 85 Ala. 269; *G. P. R. R. Co. v. Lee,* 92 Ala. 262; *Warden v. L. & N. R. R. Co.,* 94 Ala. 277; *Gothard v. A. G. S. R. R. Co.,* 67 Ala. 114; *R. R. Co. v. King,* 81 Ala. 177; *L. & N. R. R. Co. v. Webb,* 90 Ala. 185; *R. R. Co. v. Karnegay,* 92 Ala. 228; *Stringer v. Ala. Min. Ry.,* 99 Ala. 397. In the absence of a purpose to inflict injuries, an act cannot be intentionally done nor can injury be intentionally inflicted unless the person doing the act with reckless indifference to consequences consciously or intentionally does a wrongful act or omits an act, knowing that such conduct on their part is likely to result in injury. —*M. & C. R. R. Co. v. Martin,* 117 Ala. 397; *L. & N. R. R. Co. v. Anchors,* 114 Ala. 492; *B'ham Electric Co. v. Bowers,* 110 Ala. 397; *A. G. S. R. R. Co. v. Burgess,* 116 Ala. 509; *Jefferson v. Birmingham Ry. Co.,* 116 Ala. 294.

ERLE PETTUS, for appellee. Under the evidence the jury was authorized to find that there was a contract authorizing the use of the yards and therefore, to conclude that defendant owed plaintiff greater watchfulness and care than is due a trespasser.—15 A. & E. Enc. of Law 1078; 33 Cyc. 760; 65 N. E. 656. It was defendant's duty to protect the rear of its train by light, flag or signal.—*Duncan v. St. L. & S. F. R. R. Co.,* 152 Ala. 118; *Black's Case,* 89 Ala. 313; *Donovan's Case,* 84 Ala. 131; *Savannah R. R. Co. v. Sherer,* 58 Ala. 672; 79 S. W. 879. The evidence in this case abundantly supports the theory stated by the court in the case of *C. of Ga. Ry. Co. v. Martin,* 138 Ala. 531; *So. Ry. v. Shelton,* 136 Ala. 214.

PER CURIAM.—This was an action by the appellee to recover damages for personal injuries sustained by him as a result of the rear end of a train of the appellant being backed in the nighttime into an engine of the Birmingham Southern Railroad Company, of which at the time the appellee was in charge as the engineer, and while it was standing upon the track which was a part of a railroad yard of the appellant. This yard was but a short distance from the junction point of appellant's line with that of the Birmingham Southern Railroad Company. It was principally used by the appellant as a place for leaving ore cars destined to a nearby furnace, which was on the line of the Birmingham Southern Railroad Company and was served by the latter company, and for the receipt from that company of cars of pig iron and empty cars handled by it from the furnace and destined to points on the appellant's line or reached by way of it. The Birmingham Southern Company had a similar yard near the junction point of the two roads. Appellee's engine had taken a number of

ore cars from the appellant's yard to carry them to the stockhouse of the furnace. For the purpose of getting a start on this run—the approach to the stockhouse being on a steep grade—the engine was headed into the track on which the collision occurred, and was run into by the rear of the appellant's train while the appellee was reversing his engine to back his train out on the run to the stockhouse. A principal contention of the appellant is that the appellee was a trespasser upon its track, and that its employees in charge of its train were under no obligation to look out for a Birmingham Southern engine or train on that track other than the general duty to keep a lookout for obstacles on it. We are of opinion that a phase of the evidence in the case tended to prove that the appellant had so licensed or permitted such a use of its track on which the collision occurred as was being made of it at the time of that collision as to impose upon it, in respect of employees of the Birmingham Southern Railroad Company engaged in so using that track, a duty to exercise such reasonable precaution in the movement of its own trains on that track as ordinary prudence dictated to protect from injury such employees of the Birmingham Southern Company.

There was evidence tending to prove that for many years prior to the date of the incident in question, with the full knowledge of the appellant's employees in charge of that yard and of its engines and trains operated therein, those in charge of Birmingham Southern trains had habitually made use of the track in question in the same way and for the same purpose that it was being used when the appellee was hurt. This was constantly done, openly and notoriously, in the nighttime as well as in the daytime. In no way did any one in behalf of the appellant make objection to the practice.

The conduct of its employees in charge of the yard and of its engines and trains operated therein indicated unquestioning acquiescence in the practice. For the purpose of the interchange of traffic of which that yard was the scene, that track was used in common by the two companies. It was so used in accomplishing the purpose for which the appellant placed cars in the yard, namely, for their carriage to and delivery at their destination by the Birmingham Southern Company. From such evidence it may be inferred that the appellant had agreed or consented to such use of that track by Birmingham Southern trains. Its permission of such use may be shown in this way, as well as by evidence of an express agreement to that effect. An agreement may be implied from conduct which is explainable only upon the theory that there was such an agreement. Of course the appellant had the right, when it chose to exercise it, to reserve the track in question for its own exclusive use, and at any time could have withdrawn the implied permission for the use of it by Birmingham Southern trains; but, so long as that permission was not withdrawn, it was chargeable with knowledge of the dangers involved in the common use of the track by the two companies, and was bound to exercise precautions commensurate with such dangers.—*Watts v. Richmond & D. R. Co.*, 89 Ga. 277, 15 S. E. 365; *McMarshall v. Chicago, Rock Island & Pacific Ry. Co.*, 80 Iowa, 757, 45 N. W. 1065, 20 Am. St. Rep. 445; *Erie R. Co. v. Burke*, 214 Fed. 247; 33 Cyc. 760.

The decision rendered in the case of *Central of Georgia Railway Co. v. Martin*, 138 Ala. 531, 36 South. 426, leaves us no room to doubt that a railroad company which permits the engines or trains of another company to use its track in common with itself owes to such other company and its employees engaged in the

permitted use of the track a duty different from that which it owes to a trespasser. It was there recognized that such common use, in and of itself, imposes a duty of watchfulness and care upon each of the companies towards the other in the conservation of the safety of the trains and employees of the other, and liability upon each for failing to discharge this duty whereby injuries are inflicted upon the property of the other or upon the persons of the other's employees. The permitted use of the track in question, shown by the phase of the evidence referred to, made it a place at which those operating engines and trains of the appellant were under a duty to maintain a lookout and to take precautions to prevent the infliction of injury upon the employees or trains of the Birmingham Southern Company; injury to them being likely unless care was observed.—*Duncan v. St. Louis & San Francisco R. Co.,* 152 Ala. 118, 44 South. 418.

It was permissible for the plaintiff to show that it was the duty of those in charge of the operation of appellant's train in the yard at night to have the rear of the train lighted, and evidence of a custom on well-regulated railroads to do this in similar circumstances was competent as going to establish the existence of such duty.—*Central of Georgia Ry. Co. v. Martin, supra.*

The court did not err in sustaining the objections made to questions asked the plaintiff as to a release executed by him to the Birmingham Southern Company. It was not suggested that the release inquired about purported to discharge any one other than the company to which it was executed. If it did not, the execution of it did not operate to discharge the liability of the defendant, and it was not entitled to prove the fact. Besides, the defendant was not entitled to prove the release as a bar to this action, as the pleadings in the case rais-

ed no issue as to the satisfaction of the demand sued on.—*Phillips v. Kelly,* 29 Ala. 628; *Thompson v. N. C. & St. L. Ry.,* 160 Ala. 590, 49 South. 340.

But while under the pleadings the defendant was not entitled to introduce evidence as to a release executed by the plaintiff, it was entitled to prove in mitigation of damages that a payment had been made to him by the Birmingham Southern Company on account of the injury complained of and the amount of such payment. The benefit of such payment inured to the defendant to the extent of its operation as partial satisfaction of the damages sustained by the plaintiff. The latter was not entitled to obtain a double satisfaction. A partial satisfaction by some one other than the defendant, though such other was a joint tortfeasor, may be shown by the defendant in mitigation of damages.—*Smith, et al. v. Gayle,* 58 Ala. 600; *Thompson v. N. C. & St. L. Ry.,* 160 Ala. 590, 49 South. 340; 13 Cyc. 68. The court was in error in confining the defendant's inquiry in this connection to evidence as to the amount of wages paid by the Birmingham Southern Company to the palintiff on account of the latter's injury. The defendant should have been permitted to prove, in mitigation of the damages for which the wrong charged rendered it responsible, whatever amount the Birmingham Southern Company had paid to the plaintiff on account of the injury complained of. The plaintiff was not entitled to a second recovery of that part of the amount of the damages he had sustained which already had been paid to him.

There was evidence tending to prove that the rear end of the defendant's train, having no watchman or light on that part of it to protect its movements or give warning of its approach in the dark, ran into the engine on which the plaintiff was while that engine was

standing with its headlight burning and headed in the direction from which the colliding train was backed There was evidence tending to prove that the engineer in charge of the defendant's train could see the headlight of the plaintiff's engine, and that he was looking in that direction while he was backing his train. Though he testified that he did not see it, it was permissible for the jury to find from the evidence that he did see it, and that, with knowledge of the situation which the presence of the light on the track ahead of him indicated, he willfully continued the movement of his train, or did so in wanton disregard of the obvious peril involved in doing so.—*Southern Railway Co. v. Shelton, Adm'r,* 136 Ala. 191, 214, 34 South. 194. We are of opinion that there was evidence to support the several charges of negligence and of wantonness or willfulness made in the three counts of the complaint upon which the case went to the jury.

For the error above mentioned the judgment is reversed. Questions presented for review other than those above considered need not be passed upon, as they are such as may not arise in another trial.

Reversed and remanded.

NOTE.—The foregoing opinion was prepared by WALKER, P. J., before his retirement from the Court of Appeals, and has been adopted by the court.