(115 So. 2)

## STEENHUIS v. HOLLAND. (3 Div. 825.)

Supreme Court of Alabama. Dec. 22, 1927.

**1. Negligence ⚖➡15—Injuries from concurring negligence of joint tort-feasors, acting either together or independently, may be redressed by joint or several actions.**

Injuries arising from the concurring negligence of joint tort-feasors, whether acting together or independently, may be redressed by joint or several actions.

**2. Judgment ⚖➡631—Recovery against one joint tort-feasor, followed by satisfaction, is defense available to others except for costs.**

Although separate suits against joint tort-feasors may be prosecuted to judgment, recovery against one, followed by satisfaction, is a defense available to the other tort-feasors except as to costs.

**3. Release ⚖➡29(1)—Full satisfaction without suit by one joint tort-feasor extinguishes right of action against others.**

Full satisfaction by one joint tort-feasor without suit inures to the benefit of all, or, rather, cuts off the right of action by extinguishment.

**4. Release ⚖➡29(1)—Person injured by joint tort-feasors may accept partial satisfaction and release one or more pro tanto and proceed against others.**

It is the right of an injured person to accept satisfaction in part from one joint tort-feasor, release him, and proceed against others, such release operating in favor of such others only as satisfaction pro tanto.

**5. Evidence ⚖➡409—Release ⚖➡25—Intent of parties to a release is to be ascertained as in other written contracts, and is subject to parol evidence rules (Code 1923, § 7669).**

The intent of parties to a release is to be ascertained, under Code 1923, § 7669, as in the case of other written contracts, and is subject to the same rules of evidence, so that express unequivocal terms cannot be varied by parol.

**6. Compromise and settlement ⚖➡2—Law favors and encourages compromise.**

The law favors and encourages compromise.

**7. Release ⚖➡55—Where release of joint tort-feasor shows it was in compromise of his liability without reference to full satisfaction as against others, court will not presume other parties were released.**

Where a release of one joint tort-feasor shows that it was executed as a compromise of such person's liability without reference to full satisfaction for the injury as against the other joint tort-feasors, the court will not presume such others were released by the agreement.

**8. Release ⚖➡29(1)—Release of one joint tort-feasor from punitive damages under act to prevent homicide will not release others unless intent so appears (Code 1923, § 5696).**

A release of one joint tort-feasor who is liable for damages under the act to prevent homicide by punitive damages allowance, Code 1923, § 5696, will not release other joint tort-feasors, unless it appears that the release of all was intended.

**9. Release ⚖➡29(1)—Written release of one joint tort-feasor under Homicide Act held to release only person named therein (Code 1923, § 5696).**

In a suit by the personal representative of a decedent, who was killed by a collision between an automobile and a street car, against the driver of the automobile, for damages as provided by the act allowing punitive damages in homicide cases, Code 1923, § 5696, wherein such driver pleaded the written release of the street car company as a release of the driver, on the theory of their being joint tort-feasors, *held* that the written release of the street car company released only such company, since no other tort-feasor was named therein.

**10. Release ⚖➡29(4)—In release of one joint tort-feasor, reservation of right to pursue another is not needed to preserve right.**

In a release of one joint tort-feasor, a reservation of the right to pursue another or other joint tort-feasors is not needed to preserve such right.

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Release** ⊚⟶29(1)—**Release of one joint tort-feasor in order not to release other joint tort-feasors need not contain covenant not to sue.**

The release of one joint tort-feasor in order not to release others need not take the form of a covenant not to sue.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action under the Homicide Act by Lummie H. Holland, as administratrix of the estate of Rufus H. Holland, deceased, against J. L. Steenhuis. From a judgment for plaintiff, defendant appeals. Affirmed.

The release mentioned in the opinion of the court is as follows:

"Know all men by these presents, that I, the undersigned, Lummie H. Holland, as administratrix of the estate of Rufus H. Holland, deceased, duly and legally appointed and with full authority, for and in consideration of the sum of ten thousand ($10,000.00) dollars, cash in hand paid to me by Alabama Power Company, a corporation, the receipt of which is hereby acknowledged, have and by these presents do hereby forever release, discharge, and acquit said Alabama Power Company, a corporation, its officers, servants, agents and employees from any and all liability, of every kind, character, and description, to me and to the estate of Rufus H. Holland, deceased, growing out of or connected with that certain accident heretofore occurring on or about October 31, 1925, at or near the west end of Bell street, Montgomery, Alabama, in which an automobile wherein the said Rufus H. Holland was riding collided with a street car of said Alabama Power Company, as a result of which accident the said Rufus H. Holland was killed under circumstances for which said Alabama Power Company denies liability; but the parties hereto are desirous of compromising said claim, and this release is intended and executed for the purpose of fully and forever compromising, discharging and releasing all claims of every kind, character and description in favor of me and the Estate of Rufus H. Holland, deceased, against said Alabama Power Company, as hereinabove set forth.

"Witness my hand and seal this 2d day of February, 1926. Lummie H. Holland [L. S.] as Administratrix of the Estate of Rufus H. Holland, Deceased. Witness: John Smith."

Weil, Stakely & Cater, of Montgomery, for appellant.

Only one satisfaction may be obtained from several persons for a single injury; the cause of action being indivisible. Stone v. Dickinson, 5 Allen (Mass.) 29, 81 Am. Dec. 727; Vandiver v. Pollak, 107 Ala. 547, 19 So. 180, 54 Am. St. Rep. 118; McCoy v. L. & N., 146 Ala. 333, 40 So. 106. Parol evidence is not admissible to explain an unambiguous release. Wright v. McCord, 205 Ala. 122, 88 So. 150; Murphy v. Black, 148 Ala. 675, 41

So. 877.[1] The receipt of the cash from the Alabama Power Company and execution of the written release constitute a bar to the present action. Wright v. McCord, supra; Murphy v. Black, supra; Berry v. Pullman Co., 249 F. 816, L. R. A. 1918F, 361; Fennell v. Fechter, 181 Ky. 101, 203 S. W. 879. It is immaterial, so far as the foregoing proposition is concerned, whether the appellant and the Alabama Power Company are joint tort-feasors or joint and several tort-feasors, or whether the damages recoverable were compensatory or punitive. McCoy v. L. & N., supra; Hall v. S. A. L., 211 Ala. 602, 100 So. 890; 34 Cyc. 1088.

B. de G. Waddell, of Seale, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

The written release executed to the Alabama Power Company did not as matter of law operate to release this appellant also. Code 1923, § 7669; Thompson v. N. C. & St. L., 160 Ala. 593, 49 So. 340; Home Tel. Co. v. Fields, 150 Ala. 306, 43 So. 711; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Wright v. McCord, 205 Ala. 122, 88 So. 150; 50 A. L. R. 1058, note; Henry v. McNamara, 114 Ala. 114, 22 So. 428; 38 Cyc. 1522. That the damages recoverable are punitive only removes this case from the common-law rule that the release of one joint tort-feasor releases the other. 50 A. L. R. 1058; Stone v. Dickinson, 5 Allen (Mass.) 29, 81 Am. Dec. 727; L. & N. v. Street, 164 Ala. 155, 51 So. 306, 20 Ann. Cas. 877; McCoy v. L. & N., 146 Ala. 333, 40 So. 106. Whether release of the Alabama Power Company was an entire satisfaction of the cause of action was a question for the jury. Mobile Elec. Co. v. Fritz, 200 Ala. 692, 77 So. 235; L. & N. v. Street, supra; L. R. A. 1917A, 274; L. & N. v. Cross, 205 Ala. 626, 88 So. 908. The admission of parol evidence to the effect that the release was executed pursuant to agreement between the parties thereto alone and that appellant paid nothing of the consideration, was proper. Jones v. First Nat. Bank, 206 Ala. 207, 89 So. 437; Harris v. Geneva Mill Co., 209 Ala. 538, 96 So. 622; Robinson v. Moseley, 93 Ala. 70, 9 So. 372; 22 C. J. 1292. Appellant was a stranger to the release, within the purview of the rule that in a suit between a party to a contract and a stranger thereto neither is concluded by the writing but either may contradict it by parol evidence. O'Shea v. N. Y., etc., R. Co. (C. C. A.) 105 F. 559; Fitzgerald v. Union Stockyards, 89 Neb. 393, 131 N. W. 612, 33 L. R. A. (N. S.) 983; Thompson v. N. C. & St. L., 160 Ala. 590, 49 So. 340; 33 L. R. A. (N. S.) 983, note; 14 L. R. A. (N. S.) 330, note.

---

[1] Reported in full in the Southern Reporter; not reported in full in Alabama Reports.

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BOULDIN, J. The suit is by a personal representative under the Homicide Act (Code, § 5696).

The cause was tried upon an agreed statement of facts. Plaintiff's intestate came to his death by collision of an automobile in which he was riding with a street car of the Alabama Power Company, left standing at night unlighted on Bell street in the city of Montgomery. Defendant was the owner and driver of the car in which plaintiff's intestate was a guest. For the purpose of the suit, it was admitted that, the collision was proximately caused by the negligence of defendant in operating the automobile and the negligence of the Alabama Power Company in so leaving the street car in the street.

Plaintiff and the Alabama Power Company, prior to the bringing of this suit, had reached a settlement, and upon payment of the sum agreed plaintiff executed a release in writing, which appears in full in the report of the case. Defendant relies upon this release as a full defense to this action, and it was agreed that if defendant was not entitled to an affirmative instruction to that effect, judgment for an agreed amount should be entered for plaintiff. Subject to legal objection, it was further agreed that defendant was not a party to the agreement with the Alabama Power Company, and paid no part of the consideration for the release. Judgment went for plaintiff.

The parties have thus reduced the labors of the court to the controlling question whether the release operated as a complete bar to this action or merely in reduction of liability. This question is presented in two aspects: (1) On the face of the release; and (2) on the release aided by the parol evidence, if such evidence is admissible.

The release in terms runs only in favor of the Alabama Power Company, its servants, etc. No joint tort-feasor is named or made a beneficiary by any reference or implication in the language employed. It nowhere says the sum paid is in "full satisfaction" of plaintiff's demand. Its language is, "release, discharge and acquit" the named parties from "all liability." Its declared purpose is to compromise a disputed claim, and to release the named parties.

[1-3] Injury arising from the concurring negligence of joint tort-feasors, whether acting together or independently, may be redressed by joint or several action. Separate suits may be prosecuted to judgment. But recovery against one followed by satisfaction is a defense to the other except as to costs—this upon the ground that the right of action is one and indivisible. Satisfaction extinguishes the demand. Vandiver v. Pollak, 107 Ala. 547, 19 So. 180, 54 Am. St. Rep. 118; McCoy v. L. & N. R. R. Co., 146 Ala. 333, 40 So. 106; Hall v. Seaboard Air Line, 211 Ala. 602, 100 So. 890. Likewise, full

satisfaction by one without suit inures to the benefit of all, or, rather, cuts off the right of action by extinguishment. Thompson v. N. C. & St. L. Ry., 160 Ala. 590, 49 So. 340; Wright v. McCord, 205 Ala. 122, 88 So. 150.

[4] On the other hand, it is the right of the injured party to accept satisfaction in part from one tort-feasor, release him, and proceed against the other. Such release operates in favor of such other only as satisfaction pro tanto. Home Telephone Co. v. Fields, 150 Ala. 306, 43 So. 711; Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; W. U. Telegraph Co. v. Jones, 190 Ala. 70, 66 So. 691; Smith v. Gayle, 58 Ala. 600.

These rules are clear enough and the reasons not far to seek.

More difficulty arises when we come to consider whether a given release evidences a full and complete satisfaction of plaintiff's demand, and therefore available to all joint tort-feasors, or whether it releases only the party named, leaving the cause of action unsatisfied as against others, except as payment pro tanto reduces the existing demand.

[5] By statute all releases must have effect according to the intent of the parties thereto. Code, § 7669. This intent is to be ascertained as in the case of other written contracts and subject to the same rules of evidence. Express unequivocal terms of the release cannot be varied by parol evidence. Wright v. McCord, 205 Ala. 122, 88 So. 150; Barbour v. Poncelor, 203 Ala. 386, 83 So. 130; Stegall v. Wright, 143 Ala. 204, 38 So. 844. But where the release expresses no purpose to satisfy the demand in full, and is limited in terms to a discharge of the party to whom given, it has been declared that whether there was an intention to accept the sum paid in full satisfaction may become an issue for the jury, not one for the court upon construction of the paper alone. Dwight Mfg. Co. v. Word, 200 Ala. 221, 75 So. 979; Thompson v. N. C. & St. L. Ry., 160 Ala. 590, 49 So. 340; Boyles v. Knight, 123 Ala. 289, 26 So. 939.

[6, 7] The law favors and encourages compromise. When the release shows it was in compromise of the liability of the party to whom given, with no reference to a full satisfaction as against others, we can see no just presumption that they had in mind a release of others in whom the released party had no interest. Compromise prima facie implies a give and take spirit between the parties thereto.

[8] Damages in this case are punitive under an act to prevent homicides. A release of one, unless it appears the party intended to release all, will not have such effect.

[9] Our conclusion is, the release before us, without the aid of parol evidence, does not purport to do more than to release and discharge the Alabama Power Company, its servants, agents, and employees, and mani-

'fests no purpose to accept the sum paid in full satisfaction of the demand as against this defendant, a joint tort-feasor.

[10, 11] In the case of Wright v. McCord, supra, there was an express reservation of right to pursue another tort-feasor. This stipulation was given effect. But such reservation is not essential, nor need the release take the form of a covenant not to sue. The true inquiry is, did the parties intend to limit the release to the parties named, with no intent that the cause of action be satisfied in full?

For full review of authorities, see note to Young v. Anderson, 50 A. L. R. 1057 to 1105.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.