Plaintiff, Charles W. Maddox, Jr., a minor suing by his father as next friend, appeals from the grant of a motion for summary judgment in favor of defendant, Parke-Davis Company, Inc. and from a denial of plaintiff's Rule 60 (b)(1) motion. We affirm.
In August 1976, plaintiff was injured while hospitalized when he was given an overdose of a certain drug by his nurse. Plaintiff brought a suit for damages charging negligence against defendant Druid City Hospital Board, which employed the nurse, and defendant Parke-Davis, which had allegedly improperly labeled the drug. Plaintiff's father, in a separate count, sought damages for medical expenses and loss of his child's services.
On August 16, 1977, attorneys for the minor plaintiff and his father, as well as attorneys for the Hospital, appeared in Court pursuant to a settlement agreement between them. Plaintiff's father's case against the Hospital was dismissed with prejudice, and minor plaintiff's jury demand was withdrawn. Evidence was taken, and the trial judge entered a judgment against defendant Hospital and in favor of the minor plaintiff pursuant to a pro tanto settlement. The Court found, inter alia, that plaintiff was entitled to recover $4,500, one half the court costs accrued to date, and attorneys' fees from the hospital. Moreover, the judgment entry provided that issues as to defendant Parke-Davis, were to be preserved. Thereafter, defendant, Hospital, paid the money to the Clerk of the Court, and plaintiff satisfied the judgment.
On September 8, 1977, Parke-Davis filed a motion for summary judgment, alleging that the effect of the judgment entry for minor plaintiff and the satisfaction of that judgment extinguished any further claims against it. On October 3, 1977, plaintiff filed a Rule 60 (b)(1) motion, asking the Court to set aside the judgment against defendant Hospital. On October 12, 1977, the trial judge granted Parke-Davis' motion for summary judgment and denied plaintiff's Rule 60 (b)(1) motion. Hence this appeal.
Plaintiff contends, on appeal, that the trial court erred in granting summary judgment against him and in favor of Parke-Davis. We cannot agree.
It is well settled in Alabama that while a party is entitled to full compensation for his injuries, there can be only one satisfaction therefor. Williams v. Colquett, 272 Ala. 577,133 So.2d 364 (1961). If a plaintiff recovers judgment against one joint tort-feasor and obtains satisfaction of that judgment, this operates as a discharge of the other joint tort-feasor.Id.; Huey v. Dykes, 203 Ala. 231, 82 So. 481 (1919).
Plaintiff contends, however, that this Court should recognize an exception to this rule in favor of minors, in view of this Court's policy of protecting minors. We do not think so. If plaintiff's judgment had not been satisfied, the other joint tort-feasor, Parke-Davis, would not have been discharged.
Plaintiff further contends that such an absolute rule discourages settlements. Again, we cannot agree. Alabama courts will continue to look with favor upon settlements. Where a plaintiff reaches a *Page 976 
settlement against one joint tort-feasor, his cause of action against the other joint tort-feasor will continue to exist so long as plaintiff does not satisfy the judgment. Likewise, it is the right of the injured party to accept satisfaction in part from one tort-feasor, release him, and proceed against the other. Such release operates in favor of such other only as satisfaction pro tanto. Steenhuis v. Holland, 217 Ala. 105,115 So. 2 (1927).
Plaintiff finally contends that the trial court erred in refusing to grant his Rule 60 (b)(1) motion. We cannot agree. The grant or refusal of a motion under Rule 60 (b)(1) is a matter within the discretion of the court subject to review only upon an abuse thereof. Whitehead v. Georgia Pacific Corp.,352 So.2d 1342 (Ala. 1977). Moreover, "[I]n most cases mere ignorance of the law on the part of counsel has not been looked upon as `excusable neglect,' within Rule 60 (b)(1)." Moore'sFederal Practice ¶ 60.22[2], pp. 252-53. We cannot say that the trial court abused its discretion in this case when it merely followed what is clearly the majority rule on this issue.
For the foregoing reasons, therefore, this case is due to be affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.