Plaintiff/appellant Butler sued Pennsylvania General Insurance Company, Inc., GAB Business Services, Inc., and Roy Kuykendall, charging the defendants with having committed various forms of tortious conduct in connection with an alleged fire loss on his house.
After the case had been pending for some time, Pennsylvania General and the plaintiff reached an agreement under which Pennsylvania General would pay the plaintiff $8,175.00. The trial court entered a "Consent Pro Tanto Judgment," which contains the following language:
 "Therefore, it is hereby CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court as follows:
 "1. That Plaintiff, Hoyt Butler, by this pro tanto judgment have and recover against the Defendant, Pennsylvania General Insurance Company, Inc., the sum of $8,175.00 as a complete and full settlement and judgment of the Plaintiff's claim against this Defendant arising out of fire loss suffered by Plaintiff on, to-wit, July 10, 1978, hereinabove mentioned which is described in the complaint in this case, as a final judgment by said Plaintiff against this Defendant. It is further understood and agreed that this pro tanto judgment by the Plaintiff against said Defendant is against only that Defendant, Pennsylvania General Insurance Company, Inc., herein set out and not against any other Defendant or Defendants who might be parties to this cause.
 "2. That the pro tanto judgment in favor of Plaintiff fully and finally relieves and releases Defendant, Pennsylvania General Insurance Company, Inc., from any and all possible liability to any person, firm or corporation growing out of the fire loss occurring on, to-wit, July 10, 1978, to the home and dwelling place of the Plaintiff, Hoyt Butler, and which fire loss is the basis of the allegations of the complaint herein.
 "3. That the Plaintiff shall retain the right and does so retain the right to proceed with the within litigation as against all other Defendants remaining herein to a conclusion of this litigation.
"DATED this 21st day of July, 1981."
It is not disputed that this judgment has been paid and that the plaintiff has received the money.
Thereafter, the remaining defendants moved for summary judgment, asserting that satisfaction of the judgment constituted a discharge of the plaintiff's claims against them. The trial court granted the motion. We affirm. *Page 986 
As the trial court correctly observed, this case is controlled by Maddox v. Druid City Hospital Board,357 So.2d 974 (Ala. 1978). In that case, the plaintiff sued Druid City Hospital Board and Parke-Davis and Company, Inc. A settlement was reached between the plaintiff and the hospital. Based upon the settlement agreement, the trial court entered a judgment in favor of the plaintiff and against the hospital in the amount of $4,500. The judgment entry expressly provided that issues as to defendant Parke-Davis were to be preserved. The money was paid into court and the plaintiff satisfied the judgment. This court affirmed a summary judgment in favor of Parke-Davis, saying through the late Justice Bloodworth:
 "It is well settled in Alabama that while a party is entitled to full compensation for his injuries, there can be only one satisfaction therefor. Williams v. Colquett, 272 Ala. 577, 133 So.2d 364 (1961). If a plaintiff recovers judgment against one joint tort-feasor and obtains satisfaction of that judgment, this operates as a discharge of the other joint tort-feasor. Id.; Huey v. Dykes, 203 Ala. 231, 82 So. 481 (1919).
 ". . . If plaintiff's judgment had not been satisfied, the other joint tort-feasor, Parke-Davis, would not have been discharged. Plaintiff further contends that such an absolute rule discourages settlements. Again, we cannot agree. Alabama courts will continue to look with favor upon settlements. Where a plaintiff reaches a settlement against one joint tort-feasor, his cause of action against the other joint tort-feasor will continue to exist so long as plaintiff does not satisfy the judgment. Likewise, it is the right of the injured party to accept satisfaction in part from one tort-feasor, release him, and proceed against the other. Such release operates in favor of such other only as satisfaction pro tanto. Steenhuis v. Holland, 217 Ala. 105, 115 So. 2 (1927)."
357 So.2d at 975-976.
The plaintiff in this case attempts to distinguish Maddox by arguing that the judgment against Pennsylvania General has not been satisfied. We cannot agree. It is undisputed that it has been paid and that the plaintiff has received the money. Whether a formal entry of satisfaction has been entered on the record cannot make a distinction in the rule announced inMaddox. Payment of a judgment is satisfaction thereof.
The parties here could have entered into a pro tanto release agreement and preserved the claims against GAB and Kuykendall.Steenhuis v. Holland, 217 Ala. 105, 115 So. 2 (1927); see,also, Conley v. Harry J. Whelchel Company, 410 So.2d 14 (Ala. 1982). Such a release operates only as satisfaction pro tanto, but the acceptance by the plaintiff of payment of a judgment discharged those claims.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.