This is an appeal from a summary judgment by Jessica Johnson, who sued by and through her next friend and mother, Terri McGraw. She appeals from a summary judgment for defendant John Morgan Collier, which was entered because a release had been executed and satisfied with regard to a joint tort-feasor. We reverse and remand.
Johnson, who was injured in the parking lot of Carroll High School in Ozark, Alabama, when she was hit by an automobile driven by Collier, sued Collier and S.A. Graham Construction Company, Inc., which Johnson alleged had negligently striped the parking lot during its construction. Judge Charles Woods held a pro ami hearing at which a release was signed that settled the case with S.A. Graham Construction Company, Inc. for $1,500. The release contained the following clause, which expressly reserved Johnson's right to maintain her suit against Collier:
 "We do further expressly reserve the right to continue the above named lawsuit against other parties listed in the lawsuit, namely John Morgan Collier, and this release is not intended to release, settle, or compromise that portion of the lawsuit, but is intended only to be a full and final release against S.A. Graham Company, Inc., and any person or entity associated therewith as specified herein above."
Judge Woods thereafter entered a "Consent Settlement/Judgment" in favor of Johnson for $1,500. Collier, claiming that the $1,500 paid to Johnson constituted payment of a judgment rather than payment pursuant to a settlement, argues that, as a joint tort-feasor, he has been released from liability. Judge William H. Baldwin entered a summary judgment in favor of Collier.[1]
Subsequently, Judge Woods set aside the pro ami "Consent Settlement/Judgment" and entered an order clarifying the nature of the pro ami proceeding; nevertheless, Judge Baldwin refused to set aside the summary judgment in favor of Collier.
We have reviewed the record, and it is clear to us that the intentions of the parties involved in the settlement were to release S.A. Graham Construction Company, Inc., and yet permit the plaintiff to maintain her lawsuit against the primary tort-feasor, Collier. Judge Baldwin cited Maddox v. Druid CityHospital Board, 357 So.2d 974 (Ala. 1978), and Butler v. GABBusiness Services, Inc., 416 So.2d 984 (Ala. 1982), as authority for granting Collier's motion for summary judgment. Both of those cases stand for the proposition that the satisfaction of a judgment against a joint tort-feasor releases the other tort-feasors from liability. Maddox, supra, at 975, and Butler, supra, at 986. We conclude, however, that § 12-21-109, Code ofAlabama (1975), applies to this case and that Judge Baldwin's reliance on the above-cited cases was *Page 1313 
not appropriate in light of this Code section. Section12-21-109 states as follows:
 "All receipts, releases and discharges in writing, whether of a debt of record, a contract under seal or otherwise, and all judgments entered pursuant to pro tanto settlements, must have effect according to their terms and the intentions of the parties thereto."
A reading of the record of the pro ami hearing is all that is necessary to know that the parties intended that the settlement constitute a pro tanto settlement and that Collier not be released from liability by Johnson.
 "Ala. Code 1975, § 12-21-109, expressly states that pro tanto releases are to be given effect according to their terms and the parties' intent. Where a release expressly reserves rights against a joint tort-feasor, whether he is a principal, an agent or a joint venturer, it will be given effect according to its terms."
Daugherty v. M-Earth of Alabama, Inc., 519 So.2d 467, 469
(Ala. 1987).
For the foregoing reasons, the judgment is hereby reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON and SHORES, JJ., concur.
[1] Judge Woods had originally recused himself in this case and had held the pro ami hearing with the consent of the parties due to sickness on the part of another judge.