INGRAM, Justice.
These appeals concern a claimed breach of contract for the sale of real property and an alleged intentional interference with a contract to sell real property. They raise questions as to certain alternative judgments entered by the trial court and as to what the defendants say are inconsistent verdicts returned by the jury.
In August 1987, Ray Wilbourn contracted with William E. Stone, who had a power of attorney from his mother-in-law, Mentie W. Davis, for the purchase of real property owned by Davis and the mobile homes located thereon, for $22,000. On August 29, 1987, Wilbourn tendered a check for $1,000 as a down payment on the land. Wilbourn alleged that before the balance of the purchase price was paid, Kenneth Wayne Ray and his wife Linda Sue Ray misrepresented and maliciously caused Davis to break her contract with Wilbourn and to transfer the property to the Rays.
Wilbourn sued Davis for breach of contract, and he sued the Rays for intentional *971 interference with the contract. Davis died during the pendency of this suit, and her estate was properly substituted. In his complaint, Wilbourn requested money damages and equitable relief. The jury held in favor of Wilbourn on all counts and awarded him $26,139.60 against Davis’s estate on the breach of contract claim and $48,000 ($23,000 compensatory and $25,000 punitive) against the Rays. The trial court awarded equitable relief. The trial court ordered that Wilbourn choose between (1) the award of money damages against Davis’s estate; (2) the award of money damages against the Rays; or (3) the equitable relief as fashioned by the trial court.
Wilbourn complied with the trial court’s order and chose the money awards. His motion to comply is as follows:
“COMES NOW the Plaintiff in the above-entitled action ..., and in accordance with the directions of the trial court as set forth in the Final Judgment rendered in this action on the 16th day of August, 1991, makes the following election with respect to the judgments rendered by the trial court.
“1. Plaintiff elects to seek satisfaction on the legal claims upon which jury verdicts were rendered and upon which final judgments were returned in favor of the Plaintiff.
“2. Plaintiff declines to accept the equitable relief rendered by the trial court sitting in equity.
“The above elections are made by Plaintiff with reservation of the right of full satisfaction for his loss or injury from either the individual Defendants, Kenneth Wayne Ray and Linda Sue Rogers Ray, or from the Estate of Mentie W. Davis, deceased, or from the individual Defendants and the defendant estate jointly.”
(Emphasis supplied.)
Both Wilbourn and the defendants filed motions to alter, amend, or vacate the judgment. Both motions were denied. Wilb-oum appealed and the defendants cross-appealed.
Wilbourn raises three issues:
“(I) Did the trial court err in its equitable decree in determining that no recovery should be allowed Plaintiff Wilb-ourn for loss of rent during the time the real property was held by the individual Defendants Ray?
“(II) Did the trial court err in its equitable decree establishing a constructive trust on real property which required Plaintiff Wilbourn to satisfy the outstanding mortgage placed against the same by the individual Defendants Ray, and also to pay to the individual Defendants Ray the difference between the mortgage pay-off (with credit for court costs) and the purchase price of the real property of $22,000?
“(Ill) Did the trial court err in its final judgment wherein it determined that Plaintiff Wilbourn must elect between the judgment rendered against the estate Defendant for breach of contract or the judgment rendered against the individual Defendants on the tortious interference with the contract verdict, on the theory that there can be but one recovery for a single injury or loss?”
We pretermit discussion of Issues I and II. After the trial court entered its final judgment, Wilbourn elected to satisfy his judgment by accepting the money damages awarded by the jury, and he specifically declined to accept the equitable relief fashioned by the trial court. We hold that he has waived his right to equitable relief in this case by virtue of his election. Therefore, any argument that the trial court erroneously fashioned the equitable relief is now moot.
In his third issue raised to this Court, Wilbourn argues that he should not be required to elect between the award against Davis’s estate on the breach of contract claim and the award against the Rays on the claim of intentional interference with a contract. Wilbourn argues that he has suffered two injuries, “to wit: one at the hands of the estate of [Davis] for a breach of contract, and one at the hands of the individual Defendants Ray for a tortious interference with the contractual relationship.” We disagree. The record *972 shows that all the damage or loss for which Wilbourn sought compensation arose from his inability to complete the purchase of the real property. The jury found, as a matter of fact, that this inability to complete performance was caused by Davis’s breach of contract, which in turn was caused by the Rays’ intentional interference with the contractual relationship between Wilbourn and Davis.
The trial court properly held that Wilb-ourn must make an election between the remedies available. “It is well settled in Alabama that while a party is entitled to full compensation for his injuries, there can be only one satisfaction thereof. If a plaintiff recovers judgment against one joint defendant and obtains satisfaction of that judgment, this operates as a discharge of the other defendant.” See McClendon v. City of Boaz, 395 So.2d 21, 26 (Ala.1981) (citing Maddox v. Druid City Hospital Board, 357 So.2d 974 (Ala.1978); Williams v. Colquett, 272 Ala. 577, 133 So.2d 364 (1961)). We hold that Wilbourn must elect to satisfy his judgment either against the Rays or against the estate of Davis. Once he has been fully compensated by either, the remaining defendant is discharged.
The defendants, in a cross-appeal, argue that a new trial is required because, they say, the jury verdicts are inconsistent. They contend that the verdicts are inconsistent because the jury awarded $26,-139.60 from Davis’s estate and $23,000 in compensatory damages from the Rays. However, the trial court found that the award against Davis’s estate included statutory interest. The defendants argue that the difference in the awards cannot be interest because it is not enough, if one calculates 6% per annum on $23,000 from September 1, 1987 (the alleged date of the breach), to June 26, 1991 (the date of the jury verdict). Indeed, it does appear that the amount of interest may have been improperly figured; however, after a thorough and searching review of the record, we are not willing to set aside an otherwise proper jury verdict, which from the record appears to be the product of a conscientious and dutiful jury, just because of this mathematical shortcoming. We note that Wilbourn did not contest the interest and that the defendants did not raise a question regarding the improper calculation before the trial court. They argued in a Rule 59(e) motion that the verdicts were inconsistent, but nothing in the motion indicates that the reason for this alleged inconsistency was the apparent miscalculation of interest.
Therefore, we affirm the judgment of the trial court.
1910583, AFFIRMED.
1910630, AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.